**METROPOLIS NIGHT CLUB, INC., d.b.a. Metropolis, Appellant,**

v.

**ERTEL et al., Appellees.**

[Cite as *Metropolis Night Club, Inc. v. Ertel* (1995), 104 Ohio App.3d 417.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67621.

Decided June 12, 1995.

418

*McCormack, Wolgamuth & Watling Co., L.P.A., Thomas A. McCormack* and *Keith R. Wolgamuth,* for appellant.

*Kenneth J. Fisher Co., L.P.A.,* and *Kenneth J. Fisher,* for appellees.

---

O'DONNELL, Judge.

Appellant, Metropolis Night Club, Inc., appeals from the decision of the trial court granting summary judgment in favor of appellees Paul Ertel and Jacobs Investment Management Company, Inc.

Appellant commenced this action, common pleas case No. 260927, on November 9, 1993, alleging that appellees tortiously interfered with a contract between appellant and the General Broadcasting Company, d.b.a. Radio Station WJMO–FM, and interfered with a prospective business advantage between the same entities.

On March 23, 1994, appellees moved for summary judgment, asserting that this action is barred by the doctrines of *res judicata* and collateral estoppel because appellant had earlier filed the same cause of action in common pleas case No. 247015 against Flats Development Corporation and John Doe, but did not name or join either Jacobs Investment Management Company or Paul Ertel in that earlier case.

In the earlier case, on December 30, 1993, the trial court had granted Flats Development Corporation's motion for summary judgment, which alleged that no contract existed between Metropolis Night Club, Inc. and Flats Development Corporation. However, that judgment was reversed and remanded by this court. *Metropolis Night Club, Inc. v. Doe* (Dec. 22, 1994), Cuyahoga App. No. 66814, unreported, 1994 WL 716515.

On June 22, 1994, the trial court in this case granted appellees' motion for summary judgment, which alleged *res judicata* based on the trial court's ruling in case No. 247015. Appellant now appeals raising one assignment of error:

"The trial court erred in granting defendant-appellees' motion for summary judgment on the basis of *res judicata* or collateral estoppel."

Appellant contends the doctrines of *res judicata* and collateral estoppel are inapplicable because there is no "mutuality of parties" in the two separate cases it

filed based on the same alleged contract. Appellees believe that appellant's claims are barred because appellant knew or should have know the identity of the John Doe defendant in the first case and failed to amend the pleadings or identify the John Doe in that case. The issue, however, for our resolution on this appeal is limited to whether the doctrine of *res judicata* applies to this case.

The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it. See *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 90–91, 494 N.E.2d 1387, 1388–1389. The purpose of this doctrine was explained further in *Henderson v. Ryan* (1968), 13 Ohio St.2d 31, 42 O.O.2d 65, 233 N.E.2d 506, where the court, after considering statutory changes regarding pleadings, concluded:

" * * * To save time and to relieve court congestion, parties are encouraged, if not commanded, to litigate all their claims in one action * * *." *Id.,* 13 Ohio St.2d at 38, 42 O.O.2d at 69, 233 N.E.2d at 511.

The doctrine of *res judicata* was recently examined by the Ohio Supreme Court in *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, wherein the court, quoting from *Rogers v. Whitehall,* noted:

" '[A]n existing *final judgment* or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' " (Emphasis added and other emphasis deleted.)

In the instant matter, the final judgment in common pleas case No. 247015 was reversed and remanded by this court on December 22, 1994. Since there is no "existing final judgment" on which to base the doctrine of *res judicata,* we must reverse the decision of the trial court and remand this case for further proceedings.

*Judgment reversed*
*and cause remanded.*

PORTER, P.J., and DYKE, J., concur.