OPINION
Plaintiff-appellant, Constance G. Uebel, appeals the dismissal of her action against defendants-appellees, the Board of Education of the Edgewood School District, and the individual members of the Edgewood City School Board of Education.
On February 29, 2000, appellant, who had been dismissed from her position as Treasurer of the Edgewood Schools, filed an action in federal district court against appellees. Among the claims raised in this action, appellant asserted that appellees violated Section 1983, Title 42, U.S. Code by depriving her of her rights and privileges guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. On May 24, 2000, the district court dismissed appellant's Section 1983 claims on the merits and without prejudice. Appellant subsequently moved the district court to amend the judgment to a dismissal without prejudice. The district court denied this motion on June 9, 2000.
Meanwhile, on June 6, 2000, appellant filed a second action against appellees in the Butler County Court of Common Pleas claiming, as she had done in her federal action, that her Due Process rights had been violated. Two weeks later, on June 20, appellant appealed the federal district court's June 9 ruling to the United States Sixth Circuit Court of Appeals.
On March 9, 2001, appellees moved for summary judgment in the state action, arguing that appellant's due process claims were barred by resjudicata as a result of the district court's earlier decision in appellant's federal action. On April 5, 2001, the trial court granted summary judgment to appellees on the basis of res judicata and appellant timely appealed.
While the matter sub judice was pending before this court, the federal court of appeals vacated the district court's judgment and remanded the matter to the federal district court for further proceedings. See Uebelv. Board of Education of the Edgewood City School District (C.A.6, Aug. 7, 2001), No. 00-3813, unreported. Appellant then voluntarily dismissed her federal district court action pursuant to Fed.R.Civ.P. 41(a)(1)(i) on August 16, 2001.
As her sole assignment of error, appellant claims the trial court erred in dismissing her civil rights claims on the basis of res judicata. Appellant asserts, and appellee readily concedes, that res judicata is inapplicable to the civil rights claims in appellant's state action as the result of the federal court of appeals' decision and appellant's subsequent voluntary dismissal of her federal action.[1]
Under the principles of res judicata, a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of a previous action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Given appellant's voluntary dismissal of her federal action,res judicata is inapplicable to the state action since "`[a] dismissal without prejudice leaves the parties as if no action had been brought at all.'" Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596, quotingDeville Photography, Inc. v. Bowers (1959), 169 Ohio St. 267, 272.
The trial court did not have the benefit of the Sixth Circuit's decision which was still pending when it ruled on appellees' summary judgment motion. Where a previous judgment is still pending on appeal, there is no "existing final judgment" upon which res judicata could be invoked to bar a subsequent action. See Metropolis Night Club, Inc. v.Ertel (1995), 104 Ohio App.3d 417, 419. Accordingly, appellant's assignment of error is well-taken and the summary judgment granted to appellees is hereby reversed.
Cause reversed and remanded for further proceedings.
WALSH, P.J., and POWELL, J., concur.
[1] 1. Appellees have not filed a brief in this case. They agree, however, that res judicata is inapplicable to appellant's case.