THE STATE EX REL. DENTON ET AL., APPELLANTS,
*v.* BEDINGHAUS, COMMR., ET AL., APPELLEES.

[Cite as *State ex rel. Denton v. Bedinghaus,*
98 Ohio St.3d 298, 2003-Ohio-861.]

(No. 2002–1424—Submitted January 7, 2003—Decided March 12, 2003.)

---

**Per Curiam.**

{¶ 1} On January 23, 1998, the Hamilton County Court of Common Pleas, Juvenile Division, issued a warrant for the arrest of James Kinney. On March 6, 1998, following Kinney's arrest, his friend, appellant Cheryl Denton, posted $800 as bail with the juvenile court to secure Kinney's release and to ensure his appearance in court. Denton's receipt noted that the money "can be applied to fines and costs."

{¶ 2} A juvenile court magistrate found Kinney in contempt of a child-support order. The magistrate ordered that the $800 that Denton had posted be applied to Kinney's child-support arrearage. According to Denton, she was never given an opportunity to contest this ruling, she was under no legal obligation to support Kinney's children, and after she had posted bail, Kinney appeared in court as ordered.

{¶ 3} Cary Young ("Cary") was arrested in Hamilton County for contempt of a support order, and bail was set at $10,000. On March 28, 1998, appellant Johnny Young ("Young") deposited $1,000 cash in the juvenile court as security for a $10,000 appearance bond to secure Cary's release and to ensure his appearance in court. On April 10, 1998, a juvenile court magistrate applied the $1,000 that Young had posted to Cary's support arrearage. According to Young, he was never given the opportunity to contest this ruling, he had no legal duty to support any of Cary's children, and after Young had posted bail, Cary appeared in court as required.

{¶ 4} In September 1999, Denton and Young filed an amended complaint in the United States District Court for the Southern District of Ohio, Western Division, against appellees Hamilton County Commissioners Bob Bedinghaus, Tom Neyer, and John Dowlin, the Hamilton County Child Support Enforcement Agency, and the Hamilton County Department of Human Services. The suit sought class-action status, punitive and compensatory damages, injunctive relief, and attorney fees under Section 1983, Title 42, U.S.Code. The complaint requested this relief for the "violation of the rights of [Denton and Young] and of all class members under the Fifth Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, in confiscating contempt bond funds belonging to [Denton and Young] and to class members without just compensation and without a hearing."

{¶ 5}  In August 2000, the federal district court granted the defendants' motion to dismiss the amended complaint.  The federal court ruled that the complaint did not state a claim upon which relief can be granted because (1) the contested juvenile court forfeiture orders were not issued pursuant to an official county policy, since a common pleas court is a unit of the state, not the county, (2) the forfeiture orders were issued under an official state policy, but the state is immune from suit and Section 1983 liability under the Eleventh Amendment to the United States Constitution, and (3) the defendants were entitled to absolute quasi-judicial immunity because they distributed the bail money in accordance with court orders.  The district court further observed that it was "not unsympathetic" to Denton and Young's "predicament" because "[a]t a minimum, the practice complained of seems to be a violation of Ohio law regarding forfeiture of bond."  The district court opined that "[t]he appropriate remedy for [Denton and Young] would appear to be to petition the Ohio Court of Appeals for either a writ of mandamus or a writ of prohibition compelling the Juvenile Court to cease the practice complained of and ordering the return of their funds."

{¶ 6}  On October 12, 2000, appellees Judge Sylvia Sieve Hendon and Judge Thomas R. Lipps of the Hamilton County Court of Common Pleas, Juvenile Division, issued a memorandum directing the court's magistrates to follow court policy regarding R.C. 2937.40(B) in applying bail to child-support arrearages:

{¶ 7}  "Therefore, it will continue to be the policy of this Court, that bonds posted by a person other than the accused, should be forfeited, only if the accused fails to appear before the Court.  If the accused does appear, as required by the Court, the bond should be released to the person or surety, who posted the bond. If the person who posted the bond wishes to *voluntarily* apply the bond refund to the legal obligation of the accused person, they are free to deposit such funds with the Child Support Enforcement Agency."  (Emphasis sic.)

{¶ 8}  On December 1, 2000, Denton and Young followed the district court's suggestion and filed a complaint against the original district court defendants and Judge Hendon and Judge Lipps in the Court of Appeals for Hamilton County. In their class-action complaint, as subsequently amended, Denton and Young sought writs of mandamus and prohibition requiring the defendants to "cease and desist the practices described" and "to return all illegally confiscated funds to their rightful owners, namely, [Denton and Young] and the class members." Denton and Young alleged that "the practice of confiscating contempt bonds to pay child support arrearages owing to [sic, owed by] someone other than the person furnishing the bond is a commonplace occurrence in Hamilton County and is undertaken pursuant to a policy initiated and carried out by the Defendants." Denton and Young claimed that the defendants' conduct violated (1) their due

process rights under Section 16, Article I of the Ohio Constitution, (2) state statutory law, including R.C. 2937.40(B), and (3) Section 1983, Title 42, U.S.Code.

{¶ 9} The nonjudicial defendants had filed an answer and a motion for summary judgment on the original complaint and the judges had filed an answer. On February 16, 2001, the court of appeals granted the nonjudicial defendants' motion for summary judgment and denied the writs. The court of appeals permitted the claims to proceed against the judges. The judges filed an answer to the amended complaint and a motion to dismiss or for summary judgment.

{¶ 10} On June 28, 2002, the court of appeals granted the judges' motion for summary judgment and denied the writs. The court of appeals reasoned that the mandamus claim lacked merit because (1) the federal district court judgment is res judicata, (2) the judges are immune from federal liability because of the Eleventh Amendment to the United States Constitution, and (3) the judges are entitled to immunity for violations of state law. The court of appeals ruled that the prohibition claim was moot because the judges had issued a memorandum clarifying the court's policy to adhere to R.C. 2937.40(B) before the writ action was filed.

{¶ 11} Denton and Young appealed from the February 2001 and June 2002 court of appeals judgments to this court in August 2002. In July, though, the United States Court of Appeals for the Sixth Circuit had reversed the federal district court's August 2000 dismissal of Denton and Young's amended federal complaint and remanded the cause to the district court for further proceedings. *Denton v. Bedinghaus* (July 19, 2002), C.A.6 No. 00–4072, 2002 WL 1611472. The federal court of appeals held that the district court's dismissal of the Section 1983 civil rights claims was erroneous and that the defenses of lack of municipal policy or custom, Eleventh Amendment immunity, and quasi-judicial immunity did not warrant dismissal for failure to state a claim upon which relief can be granted. Id.

{¶ 12} This cause is now before us upon Denton and Young's appeal as of right of the state appellate court's judgment denying their requests for writs of mandamus and prohibition.

## Res Judicata

{¶ 13} Denton and Young assert that the court of appeals erred in denying the writs. The court's primary rationale was res judicata based on the federal district court's August 2000 judgment.

{¶ 14} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. At

issue is whether that reversal requires vacating the state appellate court's res judicata holding.

{¶ 15} We hold that res judicata is no longer a basis to deny either writ. "A judgment based on an earlier judgment is not nullified automatically by reason of the setting aside, or reversal on appeal, or other nullification of that earlier judgment; but *the later judgment may be set aside, in appropriate proceedings,* with provision for any suitable restitution of benefits received under it." (Emphasis added.) 1 Restatement of the Law 2d, Judgments (1982), Section 16. More specifically, "[i]f, when the earlier judgment [that poses the res judicata bar] is set aside or reversed, the later judgment [applying the earlier judgment as a bar] * * * is still open to appeal * * *, a party may inform the trial or appellate court of the nullification of the earlier judgment and the consequent elimination of the basis for the later judgment. *The court should then normally set aside the later judgment.*" (Emphasis added.) Id. at 146, Comment *c.*

{¶ 16} In *Metropolis Night Club, Inc. v. Ertel* (1995), 104 Ohio App.3d 417, 662 N.E.2d 94, the Eighth District Court of Appeals reviewed a trial court's 1994 decision that applied the doctrine of res judicata based upon a 1993 judgment. While the 1994 trial court judgment was on appeal, the 1993 judgment was reversed and remanded. Because of that reversal, the court of appeals reversed the trial court's 1994 res judicata judgment because there was no longer an existing final judgment. Id., 104 Ohio App.3d at 419, 662 N.E.2d 94.

{¶ 17} Therefore, the federal district court judgment does not bar Denton and Young's mandamus and prohibition claims. The judges' reliance on *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 558 N.E.2d 1178, syllabus, is misplaced. *Natl. Amusements* involved a change in case law that allegedly would have changed the outcome of the case relied on as a bar rather than the reversal of the case that had been relied upon as a bar.

### Effect of Erroneous Rationale

{¶ 18} The court of appeals' reliance on a decision, for res judicata purposes, that has since been reversed, or its possible error in relying on immunity or mootness does not necessarily warrant a reversal of the judgment of the court of appeals. Even though the court of appeals' reasoning may be flawed, " 'we will not reverse a correct judgment based on an appellate court's erroneous rationale.' " *Phillips v. Irwin,* 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 5, quoting *Johnson v. Timmerman–Cooper* (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153.

{¶ 19} Therefore, we must examine Denton and Young's mandamus and prohibition claims to determine whether the court of appeals correctly denied the writs. See, also, *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763,

quoting *State ex rel. Natl. Electrical Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395 (" 'The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard' ").

### Mandamus: Cease and Desist

{¶ 20} R.C. 2937.40(B) forbids cash or securities deposited as bail by a person other than the accused to be used to satisfy any legal obligation of the accused upon discharge and release of bail except upon the express approval of the person who deposited the cash or securities:

{¶ 21} "When cash or securities have been deposited as bail by a person other than the accused and the bail is discharged and released pursuant to division (A) of this section, or when property has been pledged by a surety on recognizance and the surety on recognizance has been released pursuant to division (A) of this section, the court shall not deduct any amount from the cash or securities or declare forfeited and levy or execute against pledged property."

{¶ 22} In their writ action, Denton and Young alleged that appellees had confiscated their bail money and applied it against child support arrearages that they had no duty to pay, in violation of R.C. 2937.40(B). They requested a writ of mandamus to compel appellees to stop this practice.

{¶ 23} Denton and Young's mandamus claim in this regard is meritless. When the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction. *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 8. Denton and Young's mandamus claim, in effect, sought (1) a declaration that appellees' practice violated R.C. 2937.40(B) and federal and state constitutional law, and (2) an injunction prohibiting appellees from continuing this practice. Therefore, to the extent that their mandamus claim sought to prevent, rather than to compel, action by appellees, the court of appeals properly dismissed the mandamus claim directing appellees to stop their alleged practice. *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012.

### Prohibition Claim: Nonjudicial Appellees

{¶ 24} Denton and Young also are not entitled to a writ of prohibition against the nonjudicial appellees. None of these appellees exercises judicial or quasi-judicial authority, which is one of the elements that must be established before a writ of prohibition will issue. *State ex rel. Potts v. Comm. on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 455, 755 N.E.2d 886, quoting *State ex rel. Wright*

*v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (" 'Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial.' " [Emphasis added in *Potts.*] ). Implementing the challenged bail-forfeiture policy by the nonjudicial appellees did not require any hearing resembling a judicial trial.

### Prohibition Claim:  Judicial Appellees

{¶ 25}   Denton and Young requested a writ of prohibition against the juvenile court judges, in part, ordering them to end their bail-forfeiture practice, which violated R.C. 2937.40(B).

{¶ 26}   But before the writ action was filed in the court of appeals, the juvenile court judges directed the court's magistrates to abide by the requirements of R.C. 2937.40(B).   Therefore, to the extent that Denton and Young sought to prevent a policy that had already been discontinued by the judges, their prohibition claim was moot.   See, e.g., *State ex rel. Recker v. Putnam Cty. Clerk of Courts* (1999), 87 Ohio St.3d 235, 235–236, 718 N.E.2d 1290; see, also, *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164.

### Remaining Claims

{¶ 27}   Denton and Young also ask for a writ of mandamus against all appellees ordering the return of their confiscated bail money, which was erroneously applied to child-support arrearages that Denton and Young were not obligated to pay.   "Neither prohibition nor mandamus will issue if appellants have an adequate remedy in the ordinary course of law."   *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 21.   Denton and Young claim that they have no alternative remedy to raise these claims because they were not parties to these juvenile court proceedings.

{¶ 28}   Nevertheless, upon discovering the juvenile court magistrates' alleged improper application of the bail money to the arrearages, Denton and Young could have moved to intervene to seek release of their funds.   Appeal from any adverse judgment on either of these motions would have constituted an adequate remedy in the ordinary course of law.   See, e.g., *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 578, 757 N.E.2d 357 (appeal of an order denying intervention after a final judgment is an adequate remedy in the ordinary course of law that precludes a writ of mandamus);   see, also, *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983 (Civ.R. 60[B] motion for relief from judgment or an appeal are adequate legal remedies precluding writ of mandamus).

{¶ 29}   Moreover, insofar as Denton and Young claimed entitlement to the writs based on Section 1983, they had an adequate legal remedy by a separate

action in state common pleas court or federal district court to raise their Section 1983 federal civil rights claim. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639; *State ex rel. Hogan v. Ghee* (1999), 85 Ohio St.3d 150, 151, 707 N.E.2d 494. In fact, Denton and Young had already raised their Section 1983 claim in a federal case before they sought extraordinary relief in mandamus and prohibition.

{¶ 30} Therefore, Denton and Young had adequate remedies in the ordinary course of the law to raise their claims.

### Motion for Continuance under Civ.R. 56(F)

{¶ 31} Finally, Denton and Young assert that the court of appeals erred in denying their motion for continuance under Civ.R. 56(F). Denton and Young had moved for a continuance to conduct further discovery to respond to the summary judgment motion of the nonjudicial appellees. Civ.R. 56(F) provides, "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." The standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. *Mauzy v. Kelly Serv., Inc.* (1996), 75 Ohio St.3d 578, 592, 664 N.E.2d 1272. "Abuse of discretion" implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 21.

{¶ 32} The court of appeals did not abuse its discretion in denying Denton and Young's motion for continuance. According to Denton and Young, if sufficient discovery had been permitted, "they would have been able to demonstrate that the Nonjudicial Respondents were sufficiently connected with the policy of confiscating third-party bail money to prevent their being dismissed from the case." But additional discovery was unnecessary to resolve the pertinent issues raised in appellees' motions for summary judgment on the amended complaint for writs of mandamus and prohibition. The court of appeals did not act in an unreasonable, arbitrary, or unconscionable manner in denying the motion for a continuance.

### Conclusion

{¶ 33} Although the court of appeals' rationale for denying the writs may

have been erroneous,[1] its ultimate judgment denying the writs was correct. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, COOK and O'CONNOR, JJ., concur.

F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 34} I would reverse the appellate court's denial of a writ of mandamus to compel return of the bail money and I would affirm the remainder of the judgment.

{¶ 35} Cheryl Denton ("Denton") and Johnny Young ("Young") posted bail for James Kinney and Cary Young, respectively. Denton and Young justifiably expected that their bail money would be refunded after Kinney and Cary Young made timely appearances in court, yet appellees, without legal authority, confiscated the bail money and applied it to Kinney's and Cary Young's child-support arrearages.

{¶ 36} The majority declines to issue a writ of mandamus to compel appellees to return Denton's and Young's bail money because it finds that Denton and Young had an adequate remedy in the ordinary course of the law in the form of a motion to intervene in the actions in which the court ordered confiscation of their bail money. I disagree.

{¶ 37} To issue a writ of mandamus we must find (1) that the relator has a clear legal right to the relief prayed for, (2) that the respondent has a clear legal duty to perform the requested act, and (3) that the relator has no plain and adequate remedy at law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128; R.C. Chapter 2731. The law permits confiscation of bail money only if a defendant fails to appear in court. R.C. 2937.40. It is undisputed that both Kinney and Cary Young made timely court appearances. Thus, both Denton and Young have a clear legal right to the return of the bail money that they posted and, correspondingly, appellees have a clear legal obligation to return that money. Yet the majority finds that a writ of mandamus cannot issue because Denton and Young had an adequate remedy in the form of a motion to intervene.

---

1. By so holding, we need not address whether appellees are entitled to denial of the writs on summary judgment based upon the Eleventh Amendment or judicial or quasi-judicial immunity.

{¶ 38}  In order to preclude mandamus relief, an alternate remedy to mandamus must be complete, beneficial, and speedy.  *State ex rel. Arnett v. Winemiller* (1997), 80 Ohio St.3d 255, 259, 685 N.E.2d 1219.  Both Denton and Young assert that they are not even aware how the appellees confiscated and disbursed their money or who had control over it.  Further, there is no evidence that Denton and Young were aware that their money would be confiscated before the order was executed.  Thus, a motion to intervene would not be speedy, beneficial, or complete, and a writ of mandamus should issue to compel the return of Denton's and Young's illegally confiscated bail money.

{¶ 39}  Therefore, I would issue a writ of mandamus to compel the return of Denton's and Young's bail money and otherwise would affirm the judgment of the court of appeals.  Accordingly, I concur in part and dissent in part.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing opinion.

———

Newman & Meeks Co., L.P.A., Robert B. Newman and Lisa T. Meeks;  and Stephen R. Felson, for appellants.

Michael K. Allen, Hamilton County Prosecuting Attorney, Christian J. Schaefer and Joseph M. Hutson, Assistant Prosecuting Attorneys, for appellees Bedinghaus, Neyer, Dowlin, Hamilton County Child Support Enforcement Agency, and Hamilton County Department of Human Services.

Montgomery, Rennie & Jonson, Elizabeth A. McCord and George D. Jonson, for appellees Judge Hendon and Judge Lipps.