OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Realtispec, Inc. ("Realtispec"), appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Realtispec's application for vacation or modification of arbitration award, on the basis that the application was barred by the doctrine of res judicata.
 {¶ 2} Realtispec and appellee, Fred Schwartz, were involved in another appeal recently decided by this court.[1] This first appeal was from trial court case No. 02 CV 000347.
 {¶ 3} On February 20, 2002, Schwartz was awarded $16,481 by an arbitrator. On February 28, 2002, Schwartz initiated case No. 02 CV 000347, by filing an application for order confirming the arbitration award in the Lake County Court of Common Pleas. This court noted that it was unclear whether service was perfected.[2] On March 13, 2002, Realtispec initiated the instant action by filing an application for vacation or modification of arbitration award in the Cuyahoga County Court of Common Pleas.
 {¶ 4} On April 10, 2002, the Lake County Court confirmed the arbitration award in case No. 02 CV 000347. On May 6, 2002, Realtispec filed a motion to vacate the confirmation of the award. On June 14, 2002, the trial court denied Realtispec's motion.[3]
 {¶ 5} On June 30, 2002, this instant matter was transferred from the Cuyahoga County Court to the Lake County Court. On December 3, 2002, the trial court denied Realtispec's application for vacation or modification of arbitration award, ruling that the matter was barred by the doctrine of res judicata due to the trial court's April 10, 2002 judgment, confirming the arbitration award in case No. 02 CV 000347. Realtispec timely appealed this judgment to this court.
 {¶ 6} While this appeal was pending, this court issued its decision in the first case. Therein, this court reversed the judgment of the trial court, due to the trial court's failure to hold a hearing on Schwartz's motion to confirm the arbitration award.[4] Case No. 02 CV 000347 was remanded to the trial court for further proceedings.[5]
 {¶ 7} Realtispec raises one assignment of error:
 {¶ 8} "Whether the lower court committed prejudicial error when it denied appellant's application to vacate the arbitration award on the grounds of res judicata when appellant's application was pending before the court ruled upon appellee's motion to enforce the award and where appellant had no opportunity to be heard."
 {¶ 9} Pursuant to the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[6]
 {¶ 10} The Supreme Court of Ohio has held that if an earlier judgment, which forms the basis for a res judicata bar, is reversed or set aside when a later judgment, which applied the res judicata bar based on the prior judgment, is pending on appeal, "`[t]he court should then normally set aside the laterjudgment.'"[7]
 {¶ 11} In addition, the Supreme Court of Ohio favorably cited the Eighth Appellate District's decision in Metropolis NightClub, Inc. v. Ertel, wherein the Eighth District addressed an identical situation to the case sub judice.[8] InMetropolis Night Club, Inc. v. Ertel, the trial court declared a 1994 action was barred by res judicata due to a 1993 judgment. "While the 1994 trial court judgment was on appeal, the 1993 judgment was reversed and remanded. Because of that reversal, the [Eighth District] reversed the trial court's 1994 res judicata judgment because there was no longer an existing final judgment."[9]
 {¶ 12} While the instant action was pending on appeal, this court reversed the action that formed the basis of the trial court's res judicata bar. Specifically, this was the reversal of the judgment in case No. 02 CV 000347.[10] Accordingly, there is no longer an existing final judgment and res judicata no longer applies to bar Realtispec's application for vacation or modification of arbitration award.
 {¶ 13} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Ford, P.J., and Christley, J., concur.
[1] Schwartz v. Realtispec, Inc., 11th Dist. No. 2002-L-098, 2003-Ohio-6759.
[2] Id. at ¶ 2.
[3] Id. at ¶ 3.
[4] Id. at ¶ 11.
[5] Id. at ¶ 13.
[6] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[7] (Emphasis sic.) State ex rel. Denton v. Bedinghaus,98 Ohio St.3d 298, 2003-Ohio-861, at ¶ 15, quoting 1 Restatement of the Law 2d, Judgments (1982), Section 16, 146, Comment c.
[8] Id. at ¶ 16, citing Metropolis Night Club, Inc. v. Ertel
(1995), 104 Ohio App.3d 417.
[9] Id. at ¶ 16, citing Metropolis Night Club, Inc. v. Ertel,104 Ohio App.3d at 419.
[10] Schwartz v. Realtispec, Inc., 2003-Ohio-6759.