JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs Joseph and Isabel Vecchio appeal from the order of the trial court that entered summary judgment for defendants Kim and Trudy Stearns. For the reasons set forth below, we affirm.
 {¶ 2} The record reveals that plaintiff originally filed this action against defendants, designated Case No. 280063, on November 9, 1994. In relevant part, plaintiffs alleged that defendants' swing set encroached upon their property.
 {¶ 3} On September 8, 1995, the trial court issued the following entry:
 {¶ 4} "Per Attorney Keith Weiner [counsel for defendant] case is settled and dismissed with prejudice; attorney to submit journal entry. * * *"
 {¶ 5} On May 25, 2000, plaintiff's counsel filed a motion to vacate in which he asserted that he had recently learned of the 1995 dismissal. The trial court denied the motion and stated in relevant part:
 {¶ 6} "* * * The court cannot imagine it took plaintiff more than four years to realize the case was dismissed."
 {¶ 7} Plaintiff commenced an appeal to this court which was later dismissed for failure to file a brief.
 {¶ 8} The record further reveals that on February 14, 2003, plaintiffs filed the instant declaratory judgment action against the same defendants. Plaintiffs alleged that defendants own property that abuts their property to the west and that defendants' swing set, trampoline and fence encroach onto plaintiffs' property. Defendants denied liability and an also asserted counterclaims for breach of contract/breach of settlement agreement, abuse of process, and violation of Civ.R. 11, in which they asserted that the property boundary had been agreed upon in the prior matter. Defendants asked the court to order plaintiffs to sign a written memorialization of the oral agreement and to award attorney fees.
 {¶ 9} Defendants moved for summary judgment and demonstrated that this matter involves the same dispute as the prior matter. Defendants also averred that the earlier matter had been settled[1] but plaintiffs later refused to sign written memorialization of the agreement. In opposition, Joseph Vecchio averred that he never agreed to settle the matter, that his attorney had no authority to settle, and that he is currently unsure of his property boundary.
 {¶ 10} On January 4, 2000, the trial court granted defendants' motion for summary judgment and stated:
 {¶ 11} "* * * Plaintiffs' claims are barred by res judicata as the issues at bar have previously been dismissed with prejudice."
 {¶ 12} Plaintiffs claimed that there were unresolved, pending issues and filed a motion to move the matter to the court's active docket. The trial court denied the motion in an entry which provided:
 {¶ 13} "The January 4, 2005 order of this court granting defendants' summary judgment motion does not explicitly mention defendants' counterclaim, but grants judgment against the plaintiffs due to the doctrine of res judicata. The defendants' claims for attorney fees and sanctions for abuse of process are denied."
 {¶ 14} Plaintiffs now appeal and claim that the trial court erred in granting defendants' motion for summary judgment because there are genuine issues of material fact. Within this assignment of error, plaintiffs insist that they at no time settled the boundary dispute which is the focus of this action.
 {¶ 15} Before reaching the merits of this action, we first note our jurisdiction. We conclude that the judgment of the trial court is final and appealable pursuant to Civ.R. 54(B) as it disposed of all of the claims of all of the parties. The court's order entered judgment for defendants but denied defendants' claims for attorney fees and sanctions for abuse of process. The court therefore terminated the controversy and fully disposed of all of the claims at issue. Accordingly, we have jurisdiction herein.
 {¶ 16} Further, with regard to the entry of summary judgment, we note that the Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
 {¶ 17} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.,73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 18} We further note that a final appealable order which is not appealed becomes subject to res judicata and is not reviewable in a subsequent appeal. See, e.g., Brady v. Brady, Montgomery App. No. 19006, 2002-Ohio-1879; In re Adoption of Payne (March 24, 1988), Ross App. No. 1414.
 {¶ 19} Finally, under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" State ex rel. Denton v.Bedinghaus, 98 Ohio St.3d 298, 301, 2003-Ohio-861, 784 N.E.2d 99, quotingGrava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. Trojanski v. George, Cuyahoga App. No. 83472, 2004-Ohio-2414. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment. Southridge Civic Assn. v. Parma, Cuyahoga App. No. 80230, 2002-Ohio-2748.
 {¶ 20} Applying these principles, we hold that the trial court correctly determined that this matter is barred by res judicata and defendants are entitled to judgment as a matter of law. The 1994 action involved the parties' boundary dispute and proceeded to final judgment which was neither vacated nor appealed and is a final and binding order. The instant complaint arises out of the same land dispute which was the subject of the 1994 complaint and seeks to relitigate the issues of the previous final judgment. Accordingly, the trial court correctly determined that this matter is barred by res judicata.
 {¶ 21} The assignment of error is without merit.
Affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., Concur.
[1] Defendants maintain that the parties "agreed to divide the disputed property in half." (Weiner Affidavit para. 8).