NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0299n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

A METAL SOURCE, LLC,

      Plaintiff-Appellant,

v.

ALL METAL SALES, INC., et al.,

      Defendants-Appellees.

FILED
Apr 24, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: SUHRHEINRICH, BATCHELDER, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff, A Metal Source, LLC ("A-Metal"), appeals the district court order and judgment granting Defendants', All Metal Sales, Inc. ("All-Metal") and Thomas G. Klocker (collectively, "Defendants"), motion to dismiss based on res judicata. For the reasons that follow, we **REVERSE** the district court's dismissal.

**I.**

A-Metal is a metal distributor established in 2010 and located in Westlake, Ohio; it is owned and operated by Jessica Esparza. All-Metal, founded in 1999, is a metal distributor also located in Westlake, Ohio, and it is owned by Thomas Klocker. Esparza and Klocker are estranged step-siblings, and their respective companies sell identical goods. This is the third lawsuit between these parties since 2010.

## A.     2010 Trademark Case

On October 14, 2010, All-Metal filed a federal lawsuit against A-Metal,[1] alleging trademark infringement. *See All Metal Sales, Inc. v. All Metal Source, LLC*, 2012 WL 1831235, at \*1 (N.D. Ohio 2012). After a two-day trial, the jury returned a verdict in favor of A-Metal, finding no liability, and the court denied All-Metal's post-trial motion for judgment as a matter of law. *Id.* at \*1–2, 4. All-Metal did not appeal.

## B.     2013 State Action

On January 7, 2013, Esparza and A-Metal ("the plaintiffs") sued Klocker and All-Metal ("the defendants") in the Court of Common Pleas for Cuyahoga County, Ohio, alleging various state law causes of action. The crux of the complaint was two-fold: first, that the 2010 federal trademark lawsuit was baseless and prosecuted for the purpose of causing the plaintiffs harm, and second, that the defendants misappropriated confidential information during discovery in the federal case and had since been using that information to interfere with A-Metal's operations.

In May 2013, while the state case was still being litigated, All-Metal purchased at least twenty-eight domain name URLs that contained the phrases, "A Metal Source," "All Metal Source," or "Metal Source." In November or December 2013, A-Metal customers alerted Esparza that these URLs existed and led to dead end websites. Unaware who had registered these domain names, the plaintiffs subpoenaed GoDaddy.com and Domains by Proxy to ascertain the registrant's identity. The companies produced the subpoenaed documents, which confirmed that All-Metal registered the domain names.

At the close of discovery, the defendants moved for summary judgment on all of the plaintiffs' claims. In response, the plaintiffs partly relied on the defendants' domain name purchases to support the intentional interference with a business relationship, intentional

---

[1] At the onset of the litigation, A-Metal was doing business as "All Metal Source, LLC."

interference with a business contract, and intentional infliction of emotional distress claims. On June 2, 2014, the state court granted the defendants' motion for summary judgment in its entirety, specifically finding that the domain name purchases were not enough to support the plaintiffs' claims. The plaintiffs filed a timely appeal that was still pending at the time of the district court judgment in the present lawsuit.

### C.    The Present Lawsuit

On May 12, 2014, while the summary judgment motion was under consideration in the state trial court, Plaintiff A-Metal filed this action against Defendants All-Metal and Klocker, alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125(a)(1), (d). Plaintiff's claims were based on All-Metal's registration of the various "Metal Source" domain names.

In July 2014, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They argued that under the principle of res judicata, Plaintiff's suit was barred by the state court's June 2, 2014 order granting summary judgment. The district court agreed, dismissing the case on August 26, 2014. Plaintiff timely appealed.

### II.

We review *de novo* a district court's grant of a motion to dismiss. *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). When considering a motion to dismiss, a court must liberally construe the plaintiff's complaint, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Nat. Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005). "The motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would

entitle him to relief." *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007) (internal quotation marks omitted).

We also review *de novo* a district court's application of res judicata, with the party asserting the defense bearing the burden of proof. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008). "Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (internal quotation marks omitted). "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted).

Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995). The four elements of res judicata are: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject of the previous action." *Portage Cnty. Bd. of Comm'rs v. City of Akron*, 109 Ohio St.3d 106, 846 N.E.2d 478, 495 (2006) (internal quotation marks omitted).

In the instant case, the court below found that all four elements of res judicata were met and granted Defendants' motion to dismiss. As to the first element, the court determined that the state trial court's order granting summary judgment in favor of Defendants constituted a "final decision on the merits." Although that the determination was correct at the time, *see Hapgood*,

127 F.3d at 494 (citing *A–1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App.3d 623, 647 N.E.2d 222, 224 (1994) ("the grant of summary judgment terminates a party's action on the merits")), the plaintiffs successfully appealed the state trial court judgment. *See Esparza v. Klocker*, 2015 WL 202790 (Ohio Ct. App. 2015).

The state appellate court opinion reversing the grant of summary judgment was issued on January 15, 2015—months after the federal district court's August 26, 2014 order granting Defendants' motion to dismiss. However, under Ohio law, if the judgment upon which res judicata is based is subsequently set aside or reversed on appeal, then there is no longer an existing final judgment to which to give preclusive effect. *See State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 784 N.E.2d 99, 103–04 (2003). For example:

> In *Metropolis Night Club, Inc. v. Ertel* . . . the Eighth District Court of Appeals reviewed a trial court's 1994 decision that applied the doctrine of res judicata based upon a 1993 judgment. While the 1994 trial court judgment was on appeal, the 1993 judgment was reversed and remanded. Because of that reversal, the court of appeals reversed the trial court's 1994 res judicata judgment because there was no longer an existing final judgment.

*Denton*, 784 N.E.2d at 104 (internal citations omitted). In such a case, the reviewing court should vacate the later judgment applying res judicata if there is no other basis upon which to affirm the lower court's decision. *Id.* at 103–04.

Here, we are reviewing the federal district court's August 26, 2014 decision giving preclusive affect to the state trial court's June 2, 2014 judgment. During the pendency of this federal appeal, the state trial court judgment was reversed, and the case was remanded for further proceedings. Thus, there is no longer a final state court judgment. In fact, the state appellate court opinion specifically reinstated the three claims that Defendants' argue form the basis for preclusion in this case. *See Esparza*, 2015 WL 202790, at *6.

Defendants' 12(b)(6) motion argued for dismissal based solely on preclusion, and that is the single basis upon which the district court granted the motion. We have neither been directed to, nor have we found, any other basis upon which to affirm the dismissal for failure to state a claim.

## III.

For the foregoing reasons, we **REVERSE** the district court's dismissal of this action and **REMAND** for further proceedings consistent with this opinion.