[Cite as *Unifund CCR, L.L.C. v. Birch*, 2021-Ohio-1487.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

UNIFUND CCR, LLC,                          :

    Plaintiff-Appellee,            :

                                             No. 109705

    v.                             :

ROBERT J. BIRCH,                           :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 29, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915034

***Appearances:***

David A. Bader and John P. Gresh, *for appellee.*

Robert J. Birch, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant Robert J. Birch ("Birch") appeals the decision of the trial court that granted judgment in favor of plaintiff-appellee Unifund CCR, LLC ("Unifund"). Upon review, we affirm the judgment of the trial court.

**Background**

{¶ 2}   On May 8, 2019, Unifund filed a complaint against Birch to recover an outstanding balance due on a credit card account in the amount of $30,270.86. The complaint set forth claims for breach of contract, account stated, promissory estoppel, and unjust enrichment.  Unifund alleged that the original creditor was Citibank, NA ("Citibank") and that the account was assigned to Unifund.  Unifund attached to the complaint an affidavit of an authorized representative, the "Bill of Sale and Assignment" of the account, the "Assignment" to Unifund, account record data, and an ending account statement.

{¶ 3}   Birch, acting pro se, filed an answer and a counterclaim against Unifund for fraud and misrepresentation, frivolous conduct, and violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.  Unifund filed a Civ.R. 12(B)(6) motion to dismiss the counterclaim that was granted by the trial court.  The trial court found in part that "Birch has not provided any additional facts that would support his allegations that affidavits and other documents were false. Without these, he cannot succeed on any of his counterclaims."

{¶ 4}   During the course of proceedings, Birch filed two motions for an extension of time to answer interrogatories, requests for admissions, and requests for production.  Birch claimed he did not receive the discovery requests.  The first motion was granted, but the second motion was denied.  Birch also sent discovery requests to Unifund, and Unifund filed notice of service of its responses to Birch's second discovery request.

{¶ 5} Unifund obtained leave of court and filed a motion for summary judgment with supporting documents, which showed that a credit card account was established, that Birch made purchases and was in default on the account, that the account was sold and subsequently assigned to Unifund, and that the amount of $30,270.86 was due and owing on the account. In an affidavit, an authorized representative of Unifund provided details of Birch's account and indicated that the account was assigned to Unifund and that the current balance was $30,270.86. A representative of Citibank stated in his affidavit that the account was sold to Distressed Asset Portfolio III, LLC and that the account information showed "as of the date the Account was sold, there was due and payable on the Account $30,270.86." The Bill of Sale and Assignment, dated April 2, 2018, shows Citibank sold the account to Distressed Asset Portfolio III, LLC "[f]or value received and subject to the terms and conditions of the Master Purchase and Sale Agreement dated August 9, 2017 and Addendum No. 5 dated March 29, 2018 * * *." An account record, which shows details of the account including the principal balance and interest and fees, reflects the sale amount of $30,270.86. A copy of an Assignment shows the account was subsequently assigned to Unifund from Distressed Asset Portfolio III, LLC "for value received" on April 2, 2018. The seven years of account statements reflect purchases Birch made on the account and the accumulating balance owed for the charges, interest, and late fees. The final statement for the period ending October 27, 2015, reflects a balance of $30,791.73.

**{¶ 6}** Birch opposed the motion for summary judgment. He denied having any contractual relationship with Unifund or Citibank, and he claimed that the supporting documents filed by Unifund were insufficient to establish a contractual relationship. He also attached a credit report dated September 9, 2017, that reflects his account with Citibank was opened May 1, 2000, the account was closed on April 28, 2015, the highest balance was $32,538, and that the account balance was zero. However, the credit report showed the account was last reported on August 25, 2017, which is after Citibank entered the Master Purchase and Sale Agreement dated August 9, 2017, with Distressed Asset Portfolio III, LLC. Furthermore, Birch does not state that he paid the final or the outstanding balance owed on his account.

**{¶ 7}** Unifund filed a surreply in which, among other responses, it claimed Birch failed to respond to requests for admissions. The certificate of service on the discovery requests sent to Birch reflects that it was served via ordinary mail to Birch's home address. Birch filed objections to the surreply asserting that it was the first time he had seen the requests for admission, and he also objected to the account statements submitted by Unifund.

**{¶ 8}** On March 3, 2020, the trial court granted Unifund's motion for summary judgment and awarded judgment in the amount of $30,270.86 plus interest and court costs. Birch timely filed this appeal.

**Law and Analysis**

**{¶ 9}** Birch raises four assignments of error that challenge the trial court's decision.

{¶ 10} We review a trial court's decision in a discovery matter for an abuse of discretion. *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 31. Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12.

{¶ 11} We recognize that a pro se litigant is held to the same standard as litigants who are represented by counsel. *KeyBank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 108754, 2020-Ohio-6734, ¶ 60. Therefore, Birch, as a pro se litigant, is presumed to have knowledge of the law and legal procedures regarding discovery and summary judgment. *See id.* at ¶ 60-61.

{¶ 12} Under his first assignment of error, Birch claims the trial court erred by granting Unifund's motion for summary judgment because discovery was not completed.

{¶ 13} Civ.R. 56(F) permits a trial court to order a continuance for discovery to be had before ruling on a motion for summary judgment. Civ.R. 56(F) provides as follows:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 14} Civ.R. 56(F) requires the opposing party to submit affidavits with reasons stating why it cannot present facts essential to its opposition to the motion for summary judgment. *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 155, 169, 392 N.E.2d 1316 (8th Dist.1978). When a party fails to request a Civ.R. 56(F) continuance, a trial court does not err in proceeding to rule on a motion for summary judgment even if discovery is incomplete. *Ohio Bur. of Motor Vehicle Repair v. Griffin*, 10th Dist. Franklin Nos. 17AP-773 and 17AP-810, 2018-Ohio-5101, ¶ 25, citing *Mootispaw v. Mohr*, 10th Dist. Franklin Nos. 15AP-885 and 15AP-893, 2016-Ohio-1246, ¶ 10; *see also Grenga v. Youngstown State Univ.*, 10th Dist. Franklin No. 11AP-165, 2011-Ohio-5621, ¶ 22.

{¶ 15} In this case, Birch filed a brief in opposition to the motion for summary judgment. He never asked for a Civ.R. 56(F) continuance to conduct further discovery to respond to the motion. Instead, he argued against the motion for summary judgment, which was fully briefed, properly supported, and ripe for review. Although Birch stated in his objections to Unifund's surreply that he never received Unifund's discovery requests, including the requests for admissions, this was in response to Unifund's argument in its reply brief. Additionally, the discovery was sought by Unifund and was not necessary to resolve the motion for summary

judgment. Likewise, with respect to the responses of "unduly burdensome" that Unifund provided to Birch's discovery requests, because Birch did not move for relief under Civ.R. 56(F), the trial court was free to rule on the motion for summary judgment. *See Mootispaw* at ¶ 12.

{¶ 16} Under its complaint, Unifund sought to recover money due on an account. As this court has recognized,

To recover money due on an account,

"an account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due."

*Citibank, N.A. v. Katz*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041, ¶ 11, quoting *Citibank (S.D.), N.A. v. Lesnick*, 11th Dist. Lake No. 2005-L-013, 2006-Ohio-1448, ¶ 9.

{¶ 17} Unifund's motion for summary judgment was supported by an affidavit of an authorized representative of Unifund, an affidavit of an authorized representative of Citibank, and monthly statements and other documents showing the existence of the credit card account, purchases and payments that were made, the finance charges that applied, the amounts due each month, Birch's default, and the final outstanding balance due and owing. Unifund also provided the Bill of Sale and Assignment reflecting the transfer of the account to Distressed Asset Portfolio III, LLC, the account record data reflecting the sale amount and account

information, and the Assignment to Unifund "for value received." This evidence was sufficient to meet Unifund's burden of establishing a prima facie case for money owed on an account. *See Citibank, N.A. v. Hyslop*, 10th Dist. Franklin No. 12AP-885, 2014-Ohio-844, ¶ 15-18; *Katz* at ¶ 12. In opposing the motion, Birch presented a credit report and his affidavit.

{¶ 18} Because additional discovery was unnecessary to resolve the pertinent issues raised in the motion for summary judgment, the trial court did not abuse its discretion by ruling on the motion. *See Denton,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, at ¶ 32; *see also Anderson v. Jancoa Janitorial Servs.*, 12th Dist. Butler No. CA2019-01-018, 2019-Ohio-3617, ¶ 21. Accordingly, we overrule the first assignment of error.

{¶ 19} Under his second assignment of error, Birch claims the trial court erred by granting Unifund's motion for summary judgment because Unifund did not provide any evidence of paying any financial consideration for the alleged debt and would be unjustly enriched by receiving the requested relief.

{¶ 20} Birch did not raise this argument below. Nonetheless, our review reflects that Unifund provided evidence to establish the existence of a valid assignment. "To establish the existence of a valid assignment agreement for purposes of summary judgment, courts have required more than an averment by an assignee that it has acquired all rights, title, and interest in the account." *Midland Funding LLC v. Farrell*, 1st Dist. Hamilton No. C-120674, 2013-Ohio-5509, ¶ 14.

{¶ 21} The record, which includes affidavits, seven years of account statements, and other documentation, establishes the existence of a valid account, Birch's default, and the outstanding balance due and owing. The affidavit of Citibank's authorized representative states that at the time the account was sold to Distressed Asset Portfolio III, LLC there was an outstanding balance of $30,270.86 due and payable, and the account record data reflect the sale amount as well as the principal balance, interest, and fees owing at the time of the sale. The Bill of Sale and Assignment further evinces that the receivables were transferred "[f]or value received and subject to the terms and conditions of the Master Purchase and Sale Agreement dated August 9, 2017 * * *." The account was subsequently assigned to Unifund "for value received." Unifund provided a copy of a valid assignment agreement. Additionally, the affidavit of Unifund's authorized representative attested to the opening of the account, Birch's charges to the account, account statements, the outstanding balance due and owing on the account, and the assignment of the account to Unifund. This evidence was sufficient to establish the chain of title and the existence of a valid assignment of Birch's account to Unifund for purposes of summary judgment. *See Natl. Check Bur., Inc. v. Cody*, 8th Dist. Cuyahoga No. 84208, 2005-Ohio-283, ¶ 9-10; *see also Farrell* at ¶ 15. Moreover, it was sufficient to establish the absence of any genuine issues of material fact on its claims.

{¶ 22} Insofar as Birch argues that he provided a credit report reflecting a zero balance on the Citibank account, that report was dated September 9, 2017, and

shows the account was last reported on August 25, 2017, which is after Citibank entered the Master Purchase and Sale Agreement. Therefore, the zero balance on the credit report was consistent with the debt having been transferred to another creditor. Birch did not provide any evidence showing that he paid the final or outstanding amount owed on his account, and he did not set forth any factual evidence showing a genuine issue of material fact. Accordingly, we overrule the second assignment of error.

{¶ 23} Under his third and fourth assignments of error, Birch claims the trial court erred by disregarding alleged violations of the Fair Credit Reporting Act, Fair Debt Collections Practices Act, and Ohio Consumer Sales Practices Act. These issues were not raised by Birch in opposing the motion for summary judgment, and he provides no authority that these alleged violations constitute a defense to the underlying debt. "An appellate court will not consider an error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). Therefore, we will not address these arguments. *See Beneficial Fin. I, Inc. v. Edwards*, 7th Dist. Mahoning No. 13 MA 106, 2014-Ohio-5514, ¶ 18-19. Accordingly, we overrule the remaining assignments of error.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EMANUELLA D. GROVES, J., CONCUR