[Cite as *Geesaman v. St. Rita's Med. Ctr.*, 2014-Ohio-1480.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY


JEFFREY GEESAMAN, ET AL.,

    PLAINTIFFS-APPELLANTS,

  v.

ST. RITA'S MEDICAL CENTER, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 1-13-08


O P I N I O N


Appeal from Allen County Common Pleas Court
Civil Division
Trial Court No. CV20060914

**Judgment Reversed and Cause Remanded**

**Date of Decision:  April 7, 2014**


APPEARANCES:

    *Dennis P. Mulvihill* **for Appellant.**

    *Patrick K. Adkinson* **for Appellee.**

**ROGERS, J.**

{¶1} Plaintiffs-Appellants, Jeffrey ("Jeffrey") and Lori ("Lori") Geesaman (collectively, "Appellants"), appeal the judgment of the Court of Common Pleas of Allen County granting summary judgment in favor of Defendant-Appellee, John Cox, D.O. On appeal, Appellants argue that the trial court erroneously interpreted our previous opinion in this matter as limiting the retrial to the issue of loss of chance. *See Geesaman v. St. Rita's Med. Ctr.*, 183 Ohio App.3d 555, 2009-Ohio-3931 (3d Dist.) (hereinafter, "*Geesaman I*"). For the reasons that follow, we reverse the trial court's judgment.

{¶2} This matter dates to September 13, 2006 when Appellants, who are husband and wife, filed their complaint against Dr. Cox and a variety of other defendants.[1] The complaint alleged two claims. The first claim related to Dr. Cox's purported negligent treatment of Jeffrey in March and April 2005 when he suffered from a series of strokes. As a result of the stroke, Jeffrey sustained significant brain damage, which left him permanently disabled and unable to care for himself. Due to this disability, Appellants' second claim sought recovery for Lori's loss of consortium.

{¶3} A fuller description of the facts giving rise to the complaint and the pretrial and trial proceedings is available in our previous opinion. *See Geesaman*

---

[1] The other named defendants are no longer part of this action as they either obtained summary judgment against Appellants or Appellants voluntarily dismissed their claims against them pursuant to Civ.R. 41(A)(1)(a).

*I* at ¶ 2-16. For the purposes of this appeal, the following procedural history is relevant. Before trial, Dr. Cox moved to preclude Appellants from offering evidence of loss of chance to the jury. The trial court granted Dr. Cox's motion. Thereafter, this matter proceeded to trial in September 2008. The jury returned defense verdicts on both claims alleged in the complaint. As part of its verdict, the jury answered several interrogatories. In these interrogatories, the jury pertinently found that while Dr. Cox breached his duty of care to Jeffrey, the breach was not the proximate cause of Jeffrey's injuries.

{¶4} Appellants appealed to this court, asserting six assignments of error. We described the nature of the appeal as follows: "Plaintiffs-appellants, Jeffrey and Lori Geesaman, appeal the October 1, 2008 judgment of the Court of Common Pleas of Allen County, Ohio, entering a judgment for the defendants-appellees, Dr. John Cox [and others], and dismissing the [Geesamans'] complaint following a jury verdict in favor of the appellees." *Id*. at ¶ 1. In addressing the merits of the appeal, we sustained Appellants' second assignment of error, which challenged the trial court's failure to instruct the jury on loss of chance resulting from Dr. Cox's alleged malpractice. *Id*. at ¶ 34. As a result of this resolution, we found that the first and third assignments of error, which also related to the trial court's failure to instruct on loss of chance, were moot. *Id*. at ¶ 35-36.

{¶5} Appellants' sixth assignment of error related to expert testimony regarding two MRIs taken by Dr. Cox. After reviewing the testimony, we stated

that the challenged testimony "bolster[ed] the defense theory [regarding causation] that nothing would have prevented the second stroke." *Id*. at ¶ 57. Since we found that the testimony's admission created "unfair surprise," we stated that the assignment of error was "well-taken as to Dr. Cox." *Id*. at ¶ 61. We overruled the remaining assignments of error. Finally, we disposed of the original verdict in favor of Dr. Cox as follows: "the judgment in favor of Dr. Cox * * * is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion." *Id*. at ¶ 63.

{¶6} After remand, Dr. Cox filed a motion to preclude Appellants from reasserting a malpractice claim at the retrial.[2] He argued that our opinion in *Geesaman I* foreclosed the retrial of the malpractice claim against him and only allowed a retrial on the issue of loss of chance. Appellants opposed Dr. Cox's motion and instead argued that *Geesaman I* resulted in a remand "for a new trial with jury instructions that are consistent with the evidence." (Docket No. 190, p. 1). Appellants further asserted that *Geesaman I* "means that [Appellants]' malpractice claim should be retried" and that "the jury should also be instructed on the loss of chance theory of recovery * * *." (*Id*.). On April 3, 2012, the trial court granted Dr. Cox's motion on the following basis:

---

[2] Dr. Cox appealed our opinion in *Geesaman I* to the Supreme Court of Ohio, which originally accepted the case for review on the loss of chance issue. *Geesaman v. St. Rita's Med. Ctr.*, 124 Ohio St.3d 1472, 2010-Ohio-354. However, after full briefing and oral argument, the Court dismissed the appeal as improvidently accepted. *Geesaman v. St. Rita's Med. Ctr.*, 127 Ohio St.3d 1259, 2010-Ohio-5946.

> In the first trial herein a jury of 8 individuals rejected [Appellants]' medical malpractice claim against [Dr.] Cox by finding his negligence did not proximately cause injury to [Jeffrey]. The Court finds [Appellants] are precluded by res judicata, the doctrine of law of the case, and issue preclusion from again pursuing the medical malpractice claim.

(Docket No. 193, p. 2).

{¶7} Appellants appealed this order to this court. On April 20, 2012, we dismissed the appeal for lack of a final, appealable order. After the dismissal, Appellants filed a motion to reconsider the trial court's order, which the trial court denied on January 28, 2013. In doing so, the trial court found that our language in *Geesaman I* did not indicate the existence of "prejudicial, reversible error" when we resolved the sixth assignment of error. (Docket No. 205, p. 4). The trial court's reasoning for its finding was that we "gave no indication that [Appellants'] sixth assignment of error was sustained." (*Id.*). It further found that we "did not explicitly say that the verdict in favor of Dr. Cox on a traditional medical malpractice theory is overturned." (*Id.* at p. 5).

{¶8} On February 1, 2013, Dr. Cox and Appellants filed a joint stipulation regarding the evidence they expected to introduce at the retrial of this matter. The stipulation included the following relevant items:

> 12. Based on the evidence from the [parties]' experts, [Appellants] will not be introducing loss of chance testimony in their case-in-chief. In the defense case, evidence of loss of chance testimony would likely be introduced.

13. Because of the rulings from the trial court restricting the jury to hear only loss of chance testimony and be instructed only on loss of chance theory of recovery, [Appellants] cannot meet the evidentiary burden established by the trial court, since the evidence supports a traditional proximate cause instruction.

(Docket No. 213, p. 2).

{¶9} On the same day, Dr. Cox filed a motion for summary judgment that seized upon the above stipulations. Appellants waived their right to file a written response to the motion and the time limitation for the trial court's ruling on the motion. The trial court subsequently granted Dr. Cox's motion for summary judgment on February 1, 2013.

{¶10} Appellants filed this timely appeal, presenting a single assignment of error for our review.

### *Assignment of Error*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE BASED ON ITS ERRONEOUS INTERPRETATION OF *GEESAMAN I.***

{¶11} In their sole assignment of error, Appellants argue that the trial court improperly restricted the retrial of this matter on remand to the loss of chance issue. Specifically, they contend that our previous opinion in *Geesaman I* resulted in "a clear instruction that Appellants were entitled to pursue traditional malpractice and loss of chance theories recovery at retrial." Appellants' Br., p. 6. Conversely, Dr. Cox argues that *Geesaman I* only allows for a retrial on loss of

chance. In doing so, he asserts that our resolution of the sixth assignment of error in *Geesaman I* is immaterial because the error we identified was non-prejudicial. We agree with Appellants.

{¶12} This matter implicates the law of the case doctrine,[3] which "holds that 'the decision of a reviewing court in a case remains law of that case on *the legal questions involved* for all subsequent proceedings in the case at both the trial and reviewing level.' " (Emphasis sic.) *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, ¶ 30, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Due to the doctrine's dictates, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus. Indeed, the trial court, after remand, "is without authority to expand or vary the mandate given." *Id.* at 4.

{¶13} This matter's resolution revolves around the effect of *Geesaman I*'s discussion of the sixth assignment of error and its effect on the law of the case. We described that assignment of error as "involv[ing] the issue of causation, not standard of care." *Geesaman I* at ¶ 62. This description is critical because the jury

---

[3] In its original order granting Dr. Cox's motion, the trial court said that law of the case doctrine, res judicata, and issue preclusion all applied in this matter. However, res judicata and issue preclusion do not apply here due to the lack of a final judgment on Appellants' malpractice claim against Dr. Cox. *See State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 14 ("Under the doctrine of res judicata, 'a *valid, final judgment* rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' "), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus; *State v. Williams*, 76 Ohio St.3d 290, 294 (1996) ("The doctrine of collateral estoppel, or, more correctly, issue preclusion, precludes further action on an identical issue that has been actually litigated and determined by a *valid and final judgment* as part of a prior action * * *."); *Metropolis Night Club v. Ertel*, 104 Ohio App.3d 417, 419 (8th Dist. 1995) (finding that previous reversal of judgment meant that there was no "existing final judgment on which to base the doctrine of res judicata.").

found that Dr. Cox had breached his duty of care towards Jeffrey but conversely found that the breach was not the proximate cause of Jeffrey's injuries. After reviewing the expert testimony challenged, we declared that the assignment of error was "well-taken as to Dr. Cox." *Id*. at ¶ 61. Consequently, we disposed of the entire appeal by explicitly declaring that "the judgment in favor of Dr. Cox * * * is reversed." *Id*. at ¶ 63.

{¶14} The above language in *Geesaman I* signals the appeal's disposition – the original judgment absolving Dr. Cox of liability for medical malpractice was erroneous and reversed. We identified two reasons for this result: (1) the trial court did not instruct on loss of chance; and (2) the trial court committed reversible error in allowing improper expert testimony on the issue of causation, which is the element of the malpractice claim that the jury found was unsatisfied. Nowhere did we suggest that the trial of this matter should be limited on remand to the existence of loss of chance. Indeed, we explicitly stated the opposite by reversing the judgment in favor of Dr. Cox.[4]

{¶15} The trial court misread our resolution of the sixth assignment of error and found that we did not "sustain" it. The basis for the trial court's finding was that we merely used the term "well-taken" to describe Appellants' assignment of error. This was an inappropriate reading of our previous opinion and it creates a

---

[4] In its order overruling Appellants' motion to reconsider, the trial court stated that this court "did not explicitly say that the verdict in favor of Dr. Cox on a traditional medical malpractice theory is overturned." (Docket No. 205, p. 5). This description of our original opinion is clearly erroneous since we explicitly stated that "the judgment in favor of Dr. Cox * * * is reversed." *Geesaman I* at ¶ 63.

distinction between "well-taken" and "sustained" when there is none. It is common for the Court of Appeals to use "well-taken" and "sustained" synonymously when referring to the disposition of assignments of error. *E.g.*, *Morgan v. Ramby*, 12th Dist. Warren Nos. CA2010-10-095, CA2010-10-101, 2012-Ohio-763, ¶ 29 ("[T]he third and fourth assignments of error are *well taken and hereby sustained*."); *Bridge v. Park Natl. Bank*, 179 Ohio App.3d 761, 2008-Ohio-6607, ¶ 30-31 (10th Dist.) ("[W]e find the argument *well taken*. Based on the foregoing, the assignment of error * * * is *sustained* with respect to PNB."). *Compare Fifth Third Bank v. Farrell*, 5th Dist. Licking No. 09 CA 11 0095, 2010-Ohio-4839, ¶ 74 ("[W]e find Countrywide's assignment of error to be *not well taken* and we *overrule* the same."). By stating that the sixth assignment of error was "well-taken," we sustained it.

{¶16} Our disposition of the entire appeal further confirms the proper interpretation of our use of "well-taken." We reversed the judgment of the trial court, which entered the verdict in favor of Dr. Cox on Appellants' claim for medical malpractice. We did not qualify this reversal in any way. This language, considered in conjunction with our use of "well-taken" to resolve the sixth assignment of error, demonstrates that we did not seek to remand the matter for only a retrial on the issue of loss of chance.

{¶17} By limiting this matter on remand to merely require retrial on the issue of loss of chance, the trial court impermissibly varied our mandate in

*Geesaman I.* As such, it did not apply the law of the case and committed reversible error. Consequently, we must reverse the trial court's order improperly limiting the issues to be retired after remand.[5]

{¶18} Accordingly, we sustain Appellants' sole assignment of error.

{¶19} Having found error prejudicial to Appellants in the particulars assigned and argued, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed, and*
*Cause Remanded.*

**PRESTON, J., concurs**
**SHAW, J., concurs in Judgment Only**

---

[5] Our opinion does not foreclose the parties from seeking summary judgment on grounds other than the one upon which the trial court relied, such as whether the evidence offered by Appellants establishes that there are genuine issues of material fact regarding each element of their claims. Because the parties have not sought summary judgment on these other bases, and the trial court did not refer to these other bases in granting summary judgment, we decline from addressing them in this appeal.