[Cite as *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    102822

**WELLS FARGO BANK, N.A.**

PLAINTIFF-APPELLEE

vs.

**TENEALLE P. CARVER, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-791611

**BEFORE:**    Boyle, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    February 18, 2016

**ATTORNEY FOR APPELLANTS**

Oscar Trivers
Trivers    & Dickerson, L.L.C.
8608 Quincy Avenue, Up
Cleveland, Ohio    44106


**ATTORNEYS FOR APPELLEE**

Richard A. Freshwater
Thompson Hine, L.L.P.
3900 Key Tower
127 Public Square
Cleveland, Ohio    44114

John E. Codrea
Manley, Deas & Kochalski , L.L.C.
P.O. Box 165028
Columbus, Ohio    43216

Scott A. King
Terry W. Posey, Jr.
Thompson Hine, L.L.P.
10050 Innovation Drive, Suite 400
Miamisburg, Ohio    45342

MARY J. BOYLE, J.:

{¶1}   This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants, Tenealle Carver and Kamal Abdullah, appeal the trial court's judgment granting summary judgment to plaintiff-appellee, Wells Fargo Bank, N.A. ("Wells Fargo"), on its foreclosure action against defendants.   Appellants raise four assignments of error for our review:

> 1. The trial court erred when it granted summary judgment to plaintiff where there were unresolved conflicts in the evidence regarding whether plaintiff was a holder or owner of the note mortgage entitled to enforce the same through foreclosure or is the real party in interest.
>
> 2. The court erred when it found appellant Abdullah was not a borrower pursuant to the mortgage contract entitled to notices and protections provided by said contract.
>
> 3. The trial court erred when it granted summary judgment to Appellee bank, as there was a genuine issue of material fact as to whether the Appellants provided the proper notices of default and for a face-to-face meeting prior to acceleration, as required under the mortgage and applicable federal law.
>
> 4. The court erred when it found plaintiff was not a debt collector subject to the Fair Debt Collection Practices Act because it was a creditor.

{¶3}   Finding no merit to appellants' arguments, we affirm.

## I.   Procedural History and Factual Background

{¶4}   In August 1996, Carver executed a note in favor of Union National Mortgage Company ("Union National") to secure funds to purchase a home located on Menlo Road in Shaker Heights, Ohio.   The principal amount of the note was for $73,262, with an adjustable interest rate of 6 percent per annum.   On the same day, Carver also executed an open-end

mortgage in favor of Union National to secure payment on the note. Although Carver was listed as the only mortgagor on the mortgage, Abdullah also signed it. Abdullah and Carver were never legally married.

{¶5} On September 17, 2012, Wells Fargo filed a complaint for foreclosure against appellants, alleging that it was the party entitled to enforce the note and mortgage. Wells Fargo further alleged that Carver was in default on the note, and owed $71,413, plus interest, on the outstanding balance at a rate of 5.375 percent per annum from March 1, 2010, "plus late charges and advances and all costs and expenses incurred for enforcement of the note and mortgage[.]"

{¶6} In June 2014, Wells Fargo moved for summary judgment. Appellants filed their response in September 2014.

{¶7} In November 2014, the magistrate issued her decision with findings of fact and conclusions of law, granting summary judgment to Wells Fargo.

{¶8} Appellants filed objections to the magistrate's decision, and filed supplemental objections one month later. The trial court struck appellants' supplemental objections, overruled their original objections, and adopted and modified the magistrate's decision granting summary judgment to Wells Fargo.[1] It is from this judgment that appellants appeal.

## II. Summary Judgment Standard

{¶9} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether

---

[1]The trial court's modification of the magistrate's decision dealt with defendant, United States of America, and is not relevant to this appeal.

summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶10} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶11} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate. *Id*. at 293. If the movant does meet this burden, the burden shifts to the nonmovant to establish the existence of genuine issues of material fact. *Id*.

## III.   Standing

{¶12} In their first assignment of error, appellants argue that there are genuine issues of material fact as to whether Wells Fargo is the holder or owner of the "note [and] mortgage" entitled to enforce them. We disagree.

{¶13} The current holder of the note and mortgage is the real party in interest in a foreclosure action. *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C061069, 2007-Ohio-5874, ¶ 18. Where a party fails to establish itself as the current holder of the note and mortgage, summary judgment is inappropriate. *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 677, 679-680, 767 N.E.2d 1206 (3d Dist.2001).

{¶14} If a note is negotiable under R.C. 1303.03(A), Chapter 1303, Ohio's version of Article III of the Uniform Commercial Code, will apply. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 27-28. It is generally recognized by Ohio courts that a note secured by a mortgage is a negotiable instrument. *Id*. at ¶ 29, citing *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 23; *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 11; *U.S. Bank, N.A. v. Bennett*, 7th Dist. Mahoning No. 11 MA 40, 2012-Ohio-2700, ¶ 19. Thus, a note secured by a mortgage is governed by R.C. Chapter 1303.

{¶15} R.C. 1303.31(A) identifies three "persons" entitled to enforce an instrument: (1) the holder of the instrument, (2) a non-holder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." When an instrument is endorsed in blank, it is payable to bearer. R.C. 1303.25(B). Determining whether a plaintiff creditor is a holder requires physical examination of both the face of the note and any endorsements.

{¶16} Wells Fargo attached the affidavit of Alisha Mulder, vice president of loan documentation for Wells Fargo, to its motion for summary judgment. Mulder stated in her affidavit that she was familiar with the books, records, and documents maintained by Wells Fargo, including the note and mortgage at issue. Mulder stated that the relevant documents are kept by Wells Fargo in the ordinary course of business, and that she had access to and had personally reviewed them. Mulder further averred that as a result of her review of the attached

documents, she was authorized and competent to testify to them. Mulder then described the relevant documents, and stated that Wells Fargo had possession of the note at the time the complaint was filed, and continued to maintain physical possession of it.

{¶17} Wells Fargo also attached the note and mortgage to its complaint and summary judgment motion. The documents show that Carver executed the note in favor of Union National. Union National endorsed the note to Homeside Lending, Inc. Homeside Lending endorsed the note in blank. Union National also executed an assignment of the mortgage to Homeside Lending, which was recorded with the Cuyahoga County Recorder's Office on October 10, 1996.

{¶18} The note attached to Wells Fargo's summary judgment motion had two allonges attached to it. The allonges state that Washington Mutual Bank f.k.a. Washington Mutual Bank, F.A. ("Washington Mutual") is the successor in interest to Homeside Lending. The allonges further state that Washington Mutual transferred the note to Wells Fargo. The allonges were executed by an agent of the Federal Deposit Insurance Corporation ("FDIC") "as receiver for [Washington Mutual] by Wells Fargo Bank, N.A., its Attorney in Fact."

{¶19} Wells Fargo also attached another assignment of mortgage to its summary judgment motion. It stated that "Washington Mutual Bank, successor in interest to Homeside Lending, Inc., * * * does hereby sell, assign, transfer and set over unto Wells Fargo Bank, NA," the mortgage executed by Carver in August 1996. This assignment was executed on August 10, 2009, by the "FDIC as receiver for Washington Mutual Bank * * * successor in interest to Homeside Lending, Inc., by Wells Fargo Bank, N.A., as its Attorney in Fact, by POA recorded 2/24/2009[.]"

**{¶20}** Wells Fargo established that it is the entity in possession of the note that is endorsed in blank ("payable to bearer"). Accordingly, after de novo review, we conclude that Wells Fargo established that it was the holder of the note under R.C. 1301.201(B)(21)(a) and mortgage and was the entity entitled to enforce them. R.C. 1303.31(A).

**{¶21}** Appellants argue that Mulder's affidavit was insufficient to authenticate Wells Fargo's rights to enforce the note. We disagree.

**{¶22}** Civ.R. 56(E) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits[.]

**{¶23}** "'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." *Residential Funding Co. v. Thorne*, 6th Dist. Lucas No. L-09-1324, 2010-Ohio-4271, ¶ 64, quoting *Modon v. Cleveland*, 9th Dist. Medina No. 2945-M, 1999 Ohio App. LEXIS 6147 (Dec. 22, 1999). Further, "[a]n affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E)." *See Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. An assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Thorne* at ¶ 70.

**{¶24}** Mulder is vice president of loan documentation in the litigated document execution department at Wells Fargo. Mulder states in her affidavit that she is familiar with the books,

records, and documents maintained by Wells Fargo, including the note and mortgage at issue. Mulder stated that the relevant documents are kept by Wells Fargo in the ordinary course of business, and that she had access to and had personally reviewed them. Mulder further averred that as a result of her review of the attached documents, she was authorized and competent to testify to them. Mulder then described the relevant documents. We find that Mulder's affidavit was sufficient to establish that Wells Fargo was the holder of the note and mortgage.

{¶25} Appellants' arguments regarding Mulder's affidavit appear to be more related to the actual documents (and appellants' second issue within this assignment of error), than the validity of Mulder's affidavit. Appellants argue that Wells Fargo has not produced "competent evidence of any *ownership* interest" in the note. (Emphasis sic.) But Wells Fargo did not have to prove that it was the owner of the note. *CitiMortgage, Inc. v. Schippel*, 6th Dist. Erie No. E-11-041, 2012-Ohio-3511, ¶ 19. R.C. 1303.31(B) specifically states that a nonowner, even in wrongful possession, may be entitled to enforce an instrument. *Id.*

{¶26} Appellants further argue that if Wells Fargo is the holder of the note, it acquired it by fraud. It maintains that because "it is an established fact that the assets of Washington Mutual Bank were sold and transferred to J.P. Morgan Chase and not to Wells Fargo," there was nothing remaining for the FDIC or Washington Mutual to convey to Wells Fargo, and thus, the mortgage assignments are invalid. Appellants assert that evidence of this argument was attached to their supplemental objections to the magistrate's decision. Appellants' supplemental objections, however, were struck by the trial court.[2] Moreover, it is not proper to submit new evidence to a magistrate when objecting to a magistrate's decision. Civ.R.

---

[2]Appellants state in their brief that their second supplemental objections were struck by the trial court, but not their first supplemental objections. But appellants only filed one supplemental objection to the magistrate's decision (on December 24, 2014), and it was struck from the record.

53(D)(3). And even if appellants could get by these two procedural issues and we could consider the new evidence, it does not establish what appellants are trying to claim.

{¶27} Accordingly, we overrule appellants' first assignment of error.

## IV. Notice to Appellant Abdullah

{¶28} In their second assignment of error, appellants argue that the trial court erred in granting Wells Fargo's summary judgment motion because appellant Abdullah was not provided any of the "notices required to accelerate and foreclose" on the property.

{¶29} This argument has no merit. Although Abdullah signed the mortgage, he was not a borrower under the note or as listed on the mortgage. Carver was the only borrower on the note and the only one who executed the note. Carver was also identified as the only "borrower" on the mortgage. Further, the mortgage states that only the borrower is entitled to the required legal notices under the mortgage. Thus, Wells Fargo was not required to send any legal notices to Abdullah.

{¶30} Appellants' second assignment of error is overruled.

## V. Face-to-Face Meeting

{¶31} In their third assignment of error, appellants argue that the trial court erred in granting Wells Fargo's summary judgment motion because Wells Fargo failed to have a face-to-face meeting with Carver and Abdullah prior to initiating foreclosure as required under HUD regulations.

{¶32} We need not address appellants' argument as to Abdullah because as we stated previously, he was not a borrower on the note or a mortgagor on the mortgage.

{¶33} Regarding appellants' arguments as to Carver, appellants failed to preserve this issue for appeal. In their opposition to Wells Fargo's summary judgment motion, appellants

only argued that Abdullah failed to receive a face-to-face meeting. Further, appellants also failed to raise this issue in their objections to the magistrate's decision.

{¶34} Even if we were to consider the merits of this argument, it has no merit. A face-to-face meeting was not required because Carver (the mortgagor) no longer lived at the property at the time Wells Fargo filed the foreclosure complaint. 24 C.F.R. 203.604(c)(1) ("A face-to-face meeting is not required if * * * the mortgagor does not reside in the mortgaged property."). The evidence shows that Carver moved out of the property in January 2010 and had not returned. Regarding appellants' arguments as to Abdullah, a face-to-face meeting was also not required because Abdullah was not a mortgagor. 24 C.F.R. 203.604(b) ("The mortgagee must have a face-to-face interview with the mortgagor[.]").

{¶35} Accordingly, appellants' third assignment of error is overruled.

## VI. Fair Debt Collection Practices Act

{¶36} In their fourth assignment of error, appellants argue that the trial court erred when it found Wells Fargo to be a creditor under the Fair Debt Collection Practices Act ("FDCPA"), rather than a debt collector.

{¶37} Appellants are correct that "foreclosure is debt collection" under the FDCPA. *Glazer v. Chase Home Fin., L.L.C.*, 704 F.3d 453, 455 (6th Cir.2013). But under the act, a party is not a debt collector if the debt "was not in default at the time it was obtained by such person." 15 U.S.C. 1692a(6)(F)(iii).

{¶38} Under U.S.C. 1692a(6), a "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor

who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.   * * *   The term does not include[:]

* * *

(F)   any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

{¶39} The distinction between a creditor and a debt collector lies precisely in the language of 15 U.S.C. 1692a(6)(F)(iii).   For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired.   *Bridge v. Ocwen Fed. Bank, FSB,* 681 F.3d 355, 359 (6th Cir.2012).   The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred.   *Id*., citing *Wadlington v. Credit Acceptance Corp*., 76 F.3d 103, 106-108 (6th Cir.1996).

{¶40} In this case, Carver testified in her deposition that Wells Fargo began servicing her loan in 2007, before the loan was in default.   Moreover, Carver executed a loan modification with Wells Fargo in 2009 that brought the loan current, making Wells Fargo a creditor under the loan modification.   Regarding a specific debt, one cannot be both a "creditor" and a "debt collector," as defined in the FDCPA because those terms are mutually exclusive.   *FTC v. Check Investors, Inc*., 502 F.3d 159, 173 (3d Cir.2007), citing *Schlosser v. Fairbanks Capital Corp*., 323 F.3d 534, 536 (7th Cir.2003).

**{¶41}** Accordingly, we find no error in the trial court's holding that Wells Fargo was a creditor, and thus, not subject to the FDCPA.

**{¶42}** Appellants' fourth assignment of error is overruled.

**{¶43}** Accordingly, based on the facts presented and construing the evidence most strongly in favor of appellants, there are no genuine issues as to any material fact remaining. Therefore, reasonable minds can only come to but one conclusion, which is adverse to appellants. Wells Fargo is entitled to judgment as a matter of law on its claims against them.

**{¶44}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR