[Cite as *KeyBank Natl. Assn. v. Robinson*, 2020-Ohio-6734.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEYBANK NATIONAL ASSOCIATION,  :

    Plaintiff-Appellee,     :

                                      No. 108754

    v.     :

KATRINA ROBINSON, ET AL.,  :

    Defendants-Appellants.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  December 17, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897666

---

### *Appearances:*

Shapiro, Van Ess, Phillips & Barragate, L.L.P., and Phillip
Barragate, *for appellee.*

Katrina Robinson, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Katrina Robinson brings this appeal challenging

the trial court's judgment granting summary judgment in favor of plaintiff-appellee,

KeyBank National Association ("KeyBank") in KeyBank's in rem foreclosure action.[1] After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant matter involves a foreclosure action for the property located at 3526 West 127th Street, Cleveland, Ohio 44111. Appellant purchased the property in 2002 for $94,500. Appellant entered into a mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for KeyBank, KeyBank's successors and assignees, in the amount of $74,500.[2] MERS assigned the mortgage to KeyBank in April 2014, and KeyBank recorded the instrument in August 2014.

{¶ 3} Appellant executed a promissory note[3] to KeyBank on January 28, 2002, with a principal sum of $74,150 plus interest at an annual rate of 5.75 percent. In order to secure the payment of the promissory note, appellant executed and delivered a mortgage deed conveying the property at issue to KeyBank.[4] The mortgage was duly filed with the Cuyahoga County Recorder on January 30, 2002, and was a valid first lien upon the property at issue.

{¶ 4} There are two bankruptcy actions that are relevant to this appeal. Appellant obtained an initial bankruptcy discharge in 2008 in the United States Bankruptcy Court for the Northern District of Ohio (Case No. 08-177115).

---

[1] On August 5, 2020, this court granted KeyBank's motion to substitute Amos Financial, L.L.C., as appellee.

[2] Appellant also entered into a mortgage with the city of Cleveland in the amount of $20,000.

[3] The promissory note was attached to KeyBank's complaint as exhibit A.

[4] The mortgage was attached to KeyBank's complaint as exhibit C.

Subsequently, after filing the instant appeal, appellant obtained a second bankruptcy discharge in 2019 (Case No. 19-1415). These discharges will be discussed in further detail below.

{¶ 5} In July 2011, pursuant to a loan-modification agreement, titled "Home Affordable Modification Agreement," the unpaid principal balance on appellant's loan was modified to $67,387.10, which included $2,745.02 of deferred principal balance. The borrower set forth in this agreement was appellant and the lender was BAC Home Loans Servicing, LP.

{¶ 6} Appellant defaulted in making payments on the promissory note in 2016, and KeyBank accelerated the amount due on the promissory note in accordance with the note's terms. Appellant's failure to make the requisite payments constituted a breach of appellant's mortgage with KeyBank. A demand letter and notice of intention to foreclose on the property was mailed to appellant in July 2016.

{¶ 7} In February 2017, KeyBank filed a complaint in foreclosure in Cuyahoga C.P. No. CV-17-875380. KeyBank moved for leave to file an amended complaint on January 25, 2018. On February 2, 2018, the trial court denied KeyBank's motion for leave on the basis that the "case has been pending for a year and must proceed to judgment or dismissal." The trial court subsequently dismissed the case without prejudice on February 23, 2018.

{¶ 8} Following the trial court's dismissal without prejudice, KeyBank refiled its complaint on May 14, 2018, in Cuyahoga C.P. No. CV-18-897666. KeyBank's

complaint was filed against appellant and the following defendants that are not parties in this appeal: appellant's unknown spouse (if any), Ohio Homeowners Assistance, L.L.C., and the city of Cleveland Law Department. In its complaint, KeyBank alleged that it was the holder of a promissory note that appellant executed in January 2002, appellant defaulted on her obligations under the promissory note by failing to make the monthly payments, and that KeyBank was entitled to enforce the note. KeyBank further alleged that it was entitled to enforce a mortgage on appellant's property, and by defaulting on the note, appellant breached the conditions of her mortgage. KeyBank sought in rem foreclosure and relief.

{¶ 9} KeyBank attached the following documents to its complaint: (1) the promissory note, (2) the 2011 loan modification agreement, (3) the mortgage appellant entered into in January 2002 with MERS, as nominee for lender KeyBank, in the amount of $74,150, and (4) a "discharge of debtor in a Chapter 7 Case" from appellant's 2008 bankruptcy discharge.

{¶ 10} Appellant filed a motion for leave to file an answer and an answer on August 1, 2018. Therein, appellant conceded that KeyBank has "an interest in the subject property." However, appellant asserted five affirmative defenses: (1) KeyBank failed to state a claim upon which relief could be granted, (2) KeyBank lacks standing to bring the foreclosure action, (3) KeyBank is not the real party in interest, (4) appellant is entitled to all available equitable defenses, and (5) appellant is entitled to have her loan evaluated for a loan modification under the "Making

Home Affordable" program. The trial court granted appellant's motion for leave to file an answer on March 19, 2019, and deemed her answer filed as of August 1, 2018.

{¶ 11} On September 14, 2018, the trial court stayed all motion practice and referred the matter to mediation. A mediation hearing was held on January 3, 2019. The parties were unable to resolve the dispute through mediation, and the stay on motion practice was lifted.

{¶ 12} On January 29, 2019, KeyBank filed a motion for default judgment against appellant's unknown spouse and Ohio Homeowners Assistance, L.L.C. A hearing on KeyBank's motion for default judgment was held on March 21, 2019, and appellant appeared at the default hearing. On March 22, 2019, the trial court granted default judgment against appellant's unknown spouse and Ohio Homeowners Assistance, L.L.C., based on the failure of these defendants to file an answer or otherwise respond to KeyBank's complaint. The trial court's ruling on KeyBank's motion for default judgment is not at issue in this appeal.

{¶ 13} KeyBank also filed a motion for summary judgment on January 29, 2019. Therein, KeyBank asserted that it was the holder of the promissory note and mortgage, appellant defaulted on the promissory note, there was $54,937.41 plus interest at a rate of 4.75 percent due on the note as of May 1, 2016, and that KeyBank was exercising the 30-day acceleration provision set forth in the note and calling due the entire unpaid principal balance. KeyBank argued that there were no genuine issues of material fact that remained for trial and that KeyBank was entitled to judgment as a matter of law because appellant was in default, and once appellant

defaulted, KeyBank was entitled to accelerate and call due the entire unpaid principal balance of appellant's loan.

{¶ 14} On March 19, 2019, appellant filed a motion for leave to file a brief in opposition to KeyBank's motion for summary judgment. Therein, appellant asserted that she had recently obtained documents showing that she "does not owe all or part of the amount [KeyBank] is seeking." The trial court granted appellant's motion for leave and ordered appellant to file her brief in opposition on or before April 22, 2019.

{¶ 15} Appellant filed a brief in opposition to KeyBank's motion for summary judgment on April 22, 2019. Therein, appellant argued that genuine issues of material fact existed regarding the amount due on the property and the applicable interest rate that precluded the granting of summary judgment in KeyBank's favor.

{¶ 16} On April 26, 2019, a magistrate determined that KeyBank was entitled to judgment as a matter of law. As a result, the magistrate recommended granting KeyBank's motion for summary judgment and entering in rem judgment in favor of KeyBank in the amount of $54,937.41 on the promissory note plus interest at 2 percent per year from May 1, 2016, plus $2,745.02 of deferred principal to which interest does not accrue.

{¶ 17} On May 10, 2019, appellant filed objections to the magistrate's decision. Therein, appellant argued that KeyBank filed its foreclosure complaint "without taking into consideration all Defendants and not correctly listing and calculating the payments made toward the property and the amount currently owed

on the property." Appellant further asserted that her objections should be sustained because her brief in opposition "presented numerous issues of disputes of matterial [sic] fact." Once again, appellant disputed the amount due on the property, and the applicable interest rate.

{¶ 18} Appellant appeared to argue in her objections that she had been able to obtain evidence that KeyBank failed to turn over in discovery that proved she did not owe KeyBank $54,937.41 plus interest on the property. Appellant referenced several exhibits in her objections to the magistrate's decision. According to appellant, these exhibits demonstrated that appellant received money from various sources that was applied to the principal balance on the loan and that the amount that was owed on the property was less than the amount awarded to KeyBank by the magistrate. Appellant failed, however, to attach these exhibits to her objections.

{¶ 19} KeyBank filed a brief in opposition to appellant's objections on May 15, 2019. Therein, KeyBank argued that the evidence submitted in support of its motion for summary judgment demonstrated that the amount due on the principal balance of the loan was $54,937.41 plus interest at an annual rate of 4.75 percent from May 1, 2016, as well as advances for any taxes, insurance, or a need to protect the property. Furthermore, KeyBank contended that appellant failed to submit any evidence supporting her objections to the magistrate's decision.

{¶ 20} On June 10, 2019, the trial court overruled appellant's objections and adopted the magistrate's decision finding that KeyBank was entitled to summary judgment. The trial court's judgment entry provides, in relevant part, "[appellant]

presents no evidence to support her objection to the magistrate's decision. The magistrate decision grants [KeyBank's] motion for summary judgment as it is supported by affidavit evidence of an officer of the servicer that establishes the delinquency and the amount due and owing on the loan."

{¶ 21} On July 5, 2019, appellant filed an appeal challenging the trial court's judgment.

{¶ 22} After appellant filed the instant appeal, she filed a petition for bankruptcy pursuant to Chapter 7 in the United States District Court for the Northern District of Ohio. The bankruptcy court issued an order of discharge on November 20, 2019.[5]

{¶ 23} Subsequently, on December 31, 2019, KeyBank assigned the note and mortgage to Amos Financial, L.L.C. On August 5, 2020, this court granted KeyBank's motion to substitute Amos Financial, L.L.C., as appellee.

{¶ 24} In this appeal, appellant assigns four errors for review:

I. [Appellant's] property was included in [the 2008] Chapter 7 Bankruptcy that discharge[d] the mortgage debt in this instant matter.

II. The trial [c]ourt wrongly analyzed and interrupted the [appellant's] discharge order of 2019.

III. The trial court neglected to consider the Home Affordable [M]odification Agreement [of] October 2017 for [appellant's] home that was signed and accepted by the parties "Save the Dream Ohio" preventative program in October 2014. This program was to help the family that was struggling with mortgage payment from [f]ederal

---

[5] According to KeyBank, as of August 13, 2020, the date of the filing of KeyBank's appellate brief, this bankruptcy action had not been closed.

government's efforts to help [appellant] avoid foreclosure and regain housing recovery.

IV. The trial court erred in dismissing claims with prejudices. (R.C. 41)

## II. Law and Analysis

{¶ 25} Appellant's four assignments of error challenge the trial court's judgment overruling appellant's objections and adopting the magistrate's decision granting summary judgment in favor of KeyBank. For ease of discussion, appellant's assignments of error will be addressed out of order.

### A. Summary Judgment

### 1. Standard of Review

{¶ 26} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 27} The moving party has the initial responsibility of establishing that it is entitled to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is

appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶ 28} Once the moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the burden shifts to the nonmoving party to put forth evidence demonstrating the existence of a material issue of fact that would preclude judgment as a matter of law. *Dresher* at *id.* In order to meet his burden, the nonmoving party may not merely rely upon allegations or denials in his or her pleadings, and must set forth specific facts, by affidavit or as otherwise provided in Civ.R. 56(E), demonstrating the existence of a genuine issue of material fact for trial. *See Houston v. Morales*, 8th Dist. Cuyahoga No. 106086, 2018-Ohio-1505, ¶ 7, citing *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at *id.*

## 2. Foreclosure

{¶ 29} In her third assignment of error, appellant challenges the trial court's judgment granting KeyBank's motion for summary judgment and entering in rem judgment in favor of KeyBank "in the amount of $54,937.41 plus interest at the rate of 2 percent per year from May 1, 2016 plus $2,745.02 of deferred principal to which no interest accrues." Specifically, appellant contends that in awarding $54,937.41 to KeyBank, the trial court failed to consider (1) the "Save the Dream Ohio Mortgage" loan she received in 2014 from Ohio Homeowner Assistance, L.L.C., in the amount

of $35,000, and (2) the $12,768 loan she received from Ohio Housing Finance Agency in 2014. Appellant appears to argue that she applied these two loans, totaling $47,768, towards the principal balance on her KeyBank loan.

{¶ 30} To obtain summary judgment in a foreclosure action, the moving party must present evidentiary quality materials establishing (1) the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

{¶ 31} "A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303." *JP Morgan Chase Bank v. Stevens*, 8th Dist. Cuyahoga No. 104835, 2017-Ohio-7165, ¶ 37, citing *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). Under R.C. 1303.31(A), three "persons" are entitled to enforce an instrument: (1) the holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument under R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

{¶ 32} As noted above, in support of its motion for summary judgment, KeyBank submitted copies of the promissory note and mortgage executed by appellant in 2002. KeyBank also submitted an affidavit of William Long, the assistant vice president of PHH Mortgage Corporation ("PHH"), pertaining to the amount due on the property. Long averred that PHH is the servicer for appellant's loan and provides mortgage loan services to KeyBank.

{¶ 33} In his affidavit, executed on August 30, 2018, Long asserted that KeyBank is "the entity entitled to enforce the promissory note and/or loan agreement," and that the note "is secured by a [mortgage] dated January 28, 2002, on real estate together with all improvements thereon." Long stated that appellant defaulted on her loan by failing to make the payments due according to the terms set forth in the promissory note and mortgage. The last payment that had been made to appellant's account was on May 3, 2016, in the amount of $654.29. Long asserted that the default had not been cured.

{¶ 34} Long averred that based on appellant's failure to make the payments in accordance with the terms of the note and mortgage, "[t]he Loan is currently due for the June 1, 2016 payment and all payments thereafter pursuant to the terms of the Note and Mortgage." Long stated that the amount due on the property as of August 10, 2018, was $54,937.41 plus interest at 4.75 percent per year from May 1, 2016. Long asserted, in relevant part,

> As of August 10, 2018, as reflected in [KeyBank's] business records (consisting of the Note, Mortgage and a printout from the electronic servicing system), true and correct copies of which are attached hereto

as Exhibit "B," there is due and owing on the loan the principal sum of $54,937.41, plus interest at 4.75% per annum from May 1, 2016 plus advances for taxes, insurance and otherwise to protect the property, if any.

{¶ 35} Long submitted documents and statements from appellant's loan that supported his assertion and established that the principal balance on appellant's loan was, in fact, $54,937.41. Long submitted the following documents with his affidavit: (1) the demand letter and notice of default under the mortgage that was mailed to appellant in July 2016; (2) the promissory note appellant executed to KeyBank in January 2002; (3) the 2011 loan modification agreement; (4) the mortgage executed between appellant and MERS, as nominee for lender KeyBank, in January 2002; (5) the corporate assignment of the mortgage from MERS to KeyBank in April 2014; and (6) a preliminary judicial report with an effective date of April 2018.

{¶ 36} Long also submitted various statements and records pertaining to appellant's loan. Long submitted electronic servicing system documents from appellant's loan, dated August 30, 2018, that reflected a principal balance of $54,937.41, a "total interest" figure of $4,436.34, and a "total to payoff" figure of $68,818. Long submitted customer account activity statements pertaining to appellant's loan from February 2017 to August 2018. Long submitted Bank of America home loan history statements for the "statement period January 2000 to July 2017," that contained a "beginning balance" figure of $74,150.

{¶ 37} KeyBank's attorney also submitted an affidavit, executed on January 25, 2019, in which he averred that he spoke with Long on January 24, 2019, and that Long "confirms the factual accuracy of [appellant's loan records] and [KeyBank's complaint] as they relate to said loan or loans." The attorney further averred that based on his conversation with Long and his own review of the pertinent records that KeyBank's complaint is "accurate in all relevant respects."

{¶ 38} The evidence submitted by KeyBank was sufficient to meet its burden of demonstrating that it was entitled to judgment as a matter of law in the foreclosure action. The burden then shifted to appellant to put forth evidence demonstrating the existence of a material issue of fact that precluded summary judgment in KeyBank's favor.

{¶ 39} Appellant was required to set forth specific facts — such as affidavit evidence or other evidence under Civ.R. 56(E) — and appellant could not merely rely on allegations or denials in her brief in opposition. The record reflects that appellant failed to meet her reciprocal burden of demonstrating the existence of genuine issues of material facts.

{¶ 40} As an initial matter, we note that appellant did not challenge in her brief in opposition, and does not challenge in this appeal, the validity of the promissory note and mortgage held by KeyBank, whether KeyBank is the holder of the note or mortgage or entitled to enforce the same, that she defaulted on her loan payments, or that the terms of the promissory note and acceleration provision permitted KeyBank to call the full unpaid principal balance due upon appellant's

default. Rather, in her brief in opposition, appellant argued that genuine issues of material fact existed regarding the amount due on the property and the applicable interest rate that precluded the granting of summary judgment in KeyBank's favor.[6]

### a. Amount Due on the Property

{¶ 41} In arguing that a genuine issue of material fact existed regarding the amount due on the property, appellant alleged in her brief in opposition that KeyBank failed to take into consideration the payments appellant had made towards the principal balance of her loan for the property and that the amount KeyBank alleged was owed on the property was incorrect.

{¶ 42} First, appellant argued that the $54,937.41 figure KeyBank identified in its complaint was incorrect because she had been making payments toward the property for more than 17 years and had volumes of records and bank statements reflecting these payments. Appellant did not, however, specify how much money was owed on the property or produce evidentiary material contradicting the amount identified by KeyBank.

{¶ 43} Appellant asserted that she received $55,000 in loans toward the purchase price of the property. At the time she purchased the property, appellant entered into a mortgage with the city of Cleveland on January 28, 2002, in the amount of $20,000. Appellant also received a "Save the Dream Ohio Mortgage"

---

[6] Although appellant argued that a genuine issue of material fact existed regarding the applicable interest rate in her brief in opposition to KeyBank's motion for summary judgment and her objections to the magistrate's decision, appellant does not challenge in this appeal the 2 percent annual interest rate applied by the trial court in entering in rem judgment in KeyBank's favor.

loan from Ohio Homeowner Assistance, L.L.C., in the amount of $35,000 in 2014. Based on these loans, which appellant attached to her brief in opposition, appellant argued that the amount owed on the property is "well-less than [$54,937.41]" and that "the $55,000.00 in grant funds paid toward the property in this matter, coupled with the 17 years of payments made by [appellant] has far exceed[ed] the purchase price [of $74,150] of the property. Therefore, [KeyBank's] figure of [$54,937.41] is purposely and/or negligently incorrect." Appellant's brief in opposition at 4.

{¶ 44} In support of her brief in opposition, appellant attached (1) the mortgage appellant entered into in 2002 with the city of Cleveland in the amount of $20,000; (2) the "Save the Dream Ohio Mortgage" appellant entered into in 2014 with Ohio Homeowner Assistance, L.L.C. in the amount of $35,000; (3) a satisfaction of mortgage, executed on January 5, 2018, indicating that the mortgage appellant entered into with Ohio Homeowner Assistance, L.L.C. in the amount of $35,000 had been fully satisfied and discharged; and (4) a KeyBank monthly mortgage statement dated August 16, 2017, reflecting a current interest rate of 2 percent.

{¶ 45} In her third assignment of error, appellant appears to challenge the amount due on the property based on the "Save the Dream" loan she received in 2014 in the amount of $35,000. She argues that the trial court failed to take this loan into consideration in determining that the amount due on the property was $54,937.41. Appellant also contends that the trial court failed to take into

consideration the loan she received in 2014 in the amount of $12,768 from the Ohio Housing Finance Agency. *See* appellant's brief at 10.

{¶ 46} After reviewing the record, we find that appellant failed to submit any evidence in support of her brief in opposition, or her objections to the magistrate's decision, demonstrating that the entire "Save the Dream" loan in the amount of $35,000 she received in 2014 was applied towards the principal balance on her KeyBank loan. Appellant also did not submit any evidence in support of her brief in opposition or objections demonstrating that she received an additional loan in the amount of $12,768.10 from Ohio Housing Finance Agency in 2014, nor that this loan was also applied towards the principal balance on appellant's KeyBank loan.

{¶ 47} The loan records attached to Long's affidavit, which KeyBank submitted in support of its motion for summary judgment, demonstrate that on November 4, 2014, a lump sum of $12,768.10 was applied towards appellant's KeyBank loan. KeyBank contends that appellant's loan was delinquent and this lump sum payment of $12,768.10 was applied to bring the loan current. Although appellant received the "Save the Dream" loan in the amount of $35,000, appellant failed to present any evidence indicating that the entire balance was paid towards her KeyBank loan, or that she paid more than $12,768.10 towards her KeyBank loan in 2014, as KeyBank's loan records demonstrated.

{¶ 48} Regarding appellant's argument in her brief in opposition that she had been making loan payments for more than 17 years and had volumes of records and bank statements reflecting these payments, the record reflects that appellant

failed to submit any evidence, such as loan records or statements or an affidavit, showing the payments she made under her KeyBank loan or contradicting the evidence KeyBank submitted regarding the amount due on the property when KeyBank filed its complaint in May 2018.

{¶ 49} The satisfaction of mortgage submitted by appellant, indicating that appellant satisfied the $35,000 "Save the Dream" loan, does not involve KeyBank nor the note and mortgage appellant executed in 2002 at the time she purchased the property. Appellant failed to demonstrate that the $20,000 loan she received from the city of Cleveland was applied towards the principal balance on her KeyBank loan. The mortgage appellant entered into with the city of Cleveland in January 2002, in the amount of $20,000, was applied towards the $94,500 purchase price for the property. The $20,000 was not applied towards the principal balance on appellant's mortgage with KeyBank in the amount of $74,500.

{¶ 50} Based on the foregoing analysis, we find that appellant failed to meet her burden of demonstrating the existence of a genuine issue of material fact regarding the amount due on the property. Appellant failed to submit any evidence of the type listed in Civ.R. 56(C) demonstrating that the $54,937.41 KeyBank alleged was due on the property was inaccurate. Appellant attached documents to her brief in opposition and objections to the magistrate's decision, but the documents were not authenticated by affidavit, as required by Civ.R. 56(C). None of the documents appellant submitted in support of her brief in opposition demonstrated a genuine issue of material fact existed regarding whether KeyBank was entitled to enforce the

note and mortgage, whether appellant defaulted on the note and mortgage with KeyBank, or whether KeyBank was entitled to accelerate the entire unpaid principal balance upon appellant's default.

**b. Interest Rate**

{¶ 51} As noted above, appellant also argued in her brief in opposition to KeyBank's motion for summary judgment that genuine issues of material fact existed regarding the applicable interest rate. Appellant asserted that the applicable interest rate was 2 percent per year, as alleged in KeyBank's complaint, rather than the 4.75 percent interest rate identified in KeyBank's motion for summary judgment.

{¶ 52} KeyBank's complaint alleged, in relevant part, "by reason of default in payment on the said note, [KeyBank] has declared said debt due; that there is due the sum of $54,937.41 plus interest at a current rate of 2% per annum from May 1, 2016 plus $2,745.02 of deferred principal to which no interest accrues." Complaint at ¶ 3. In KeyBank's motion for summary judgment, however, KeyBank argued, in relevant part, "[appellant] is in default of payment of said Promissory Note, and there is due thereon the sum of $54,937.41 plus interest at the Note rate of 4.75% from May 1, 2016[.]"

{¶ 53} After reviewing the record, we find that appellant failed to demonstrate the existence of a genuine issue of material fact regarding the applicable interest rate. In support of her brief in opposition, appellant submitted a KeyBank monthly mortgage statement, dated August 16, 2017, to dispute KeyBank's

assertion in its motion for summary judgment that the applicable interest rate was 4.75 percent per year. The monthly mortgage statement provides that the current interest rate in August 2017 was 2 percent. The statement also contains an "account information" section in which the "outstanding principal balance" is listed at $54,937.41.[7]

{¶ 54} As noted above, KeyBank alleged in its complaint that the applicable interest rate was 2%. This is consistent with the interest rate set forth in the monthly mortgage statement appellant submitted in support of her brief in opposition. This is also consistent with a "note, closing" statement from appellant's loan, dated August 30, 2018, that Long submitted with his affidavit. This statement provided that the interest rate on the principal balance of $54,937.41 was 2 percent. The trial court entered in rem judgment in favor of KeyBank "in the amount of $54,937.41 plus interest *at the rate of 2% per year* from May 1, 2016[.]" (Emphasis added.)

{¶ 55} Although KeyBank asserted in its motion for summary judgment that the applicable interest rate was 4.75 percent, this assertion was based on Long's averment that "[*a*]*s of August 10, 2018*, * * * there is due and owing on the loan the principal sum of $54,937.41, plus interest at 4.75% per annum from May 1, 2016[.]" (Emphasis added.) The record reflects that appellant defaulted on her loan payments in 2016, not in 2018. The trial court did not apply the 4.75 percent annual

---

[7] Appellant appears to argue that the interest rate set forth in the monthly mortgage statement is correct, but the outstanding principal balance figure of $54,937.41 is "the wrong amount owed on the property[.]" Appellant's brief at 2.

interest rate identified in KeyBank's motion for summary judgment in entering judgment in favor of KeyBank.

{¶ 56} Finally, to the extent that appellant argues that the 4.75 percent interest rate identified in KeyBank's motion for summary judgment is "factually wrong," appellant's argument is unsupported by the record. *See* appellant's brief at 4. The July 2011 loan modification agreement contained a table setting forth the applicable interest rates that would be applied to unpaid principal balance. The agreement provided that for years one through five, the interest rate was 2 percent, and the interest rate changing date was identified as June 1, 2011; for year six, the interest rate was 3 percent, and the interest rate changing date was identified as June 1, 2016; for year seven, the interest rate was 4 percent, and the interest rate changing date was identified as June 1, 2017; finally, for year eight and beyond, the interest rate was 4.75 percent, and the interest rate changing date was identified as June 1, 2018.

{¶ 57} Long also submitted electronic servicing system documents that demonstrated that the interest rate increased over time. First, Long submitted a statement dated August 30, 2018, titled "payoff fees and [per diem]," that provided the per diem interest rate was 4.75 percent. Second, Long submitted a statement dated August 30, 2018, titled "payoff calculation totals," that provided the interest rate increased over time: the interest rate from May 1, 2016 was 3 percent; the interest rate from June 1, 2017 was 4 percent; and the interest rate from June 1, 2018 was 4.75 percent. Accordingly, we find no merit to appellant's assertion that the 4.75

percent interest rate referenced in KeyBank's motion for summary judgment was "factually wrong."

{¶ 58} Based on the foregoing analysis, appellant failed to demonstrate the existence of a genuine issue of material fact regarding the applicable interest rate.

{¶ 59} Appellant's assertions in her brief in opposition, without supporting documentary evidence or an affidavit from appellant, were insufficient to satisfy appellant's reciprocal burden of demonstrating a genuine issue of material fact that precluded summary judgment in KeyBank's favor. Furthermore, appellant's assertions in her objections to the magistrate's decision about discovering evidence that contradicted KeyBank's figure that appellant owed $54,937.41 plus interest on the property do not constitute evidence. Although appellant alleged that she discovered evidence that contradicted this figure, appellant failed to attach any evidence that demonstrated the existence of material issues of fact. Furthermore, although appellant appeared to request a continuance or a hearing to present this evidence, appellant was required to attach the evidence to her brief in opposition or her objections to the magistrate's decision. Appellant failed to do so.

{¶ 60} We recognize that appellant represented herself in the trial court proceedings. It is well-established, however, that appellant, as a pro se litigant, is held to the same standard as litigants represented by counsel. This court has previously recognized,

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th

Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7. "'Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 8th Dist. Cuyahoga No. 90562, 2008-Ohio-4586, ¶ 9, quoting *Williams v. Lo*, 10th Dist. Franklin No. 07AP-949, 2008-Ohio-2804, ¶ 18.

{¶ 61} In the instant matter, appellant, as a pro se litigant, was presumed to have knowledge of the law and legal procedures regarding her reciprocal burden to put forth evidence demonstrating the existence of a material issue of fact that precluded summary judgment in KeyBank's favor, and her obligation to support her objections to the magistrate's factual findings with an affidavit pursuant to Civ.R. 53(D)(3)(b)(ii) and (iii).

{¶ 62} For all of the foregoing reasons, we find that the trial court did not err in granting KeyBank's motion for summary judgment and entering in rem judgment in favor of KeyBank in the amount of $54,937.41 plus interest at the rate of 2 percent from May 1, 2016.

{¶ 63} Appellant's third assignment of error is overruled.

## B. Bankruptcy Discharges

{¶ 64} Appellant's first and second assignments of error are related because they both pertain to bankruptcy proceedings commenced by appellant in 2008 and 2019.

{¶ 65} As noted above, there are two bankruptcy cases that are relevant in this case. First, in 2008, in the United States District Court for the Northern District of Ohio,[8] appellant received a bankruptcy discharge. KeyBank acknowledged this discharge in its complaint, attached the "discharge of debtor in a Chapter 7 Case" order from the 2008 case to its complaint, and asserted in its complaint that appellant "is no longer *personally liable* for the debt [on the note] herein." (Emphasis added.) Complaint at ¶ 6.

{¶ 66} Second, on July 23, 2019 — after appellant filed the instant appeal on June 10, 2019, challenging the trial court's judgment in KeyBank's foreclosure action — appellant filed a petition for bankruptcy pursuant to Chapter 7 in the United States District Court for the Northern District of Ohio.[9] The bankruptcy court issued an order of discharge on November 20, 2019.

{¶ 67} In her first assignment of error, appellant appears to argue that the trial court failed to consider the 2008 bankruptcy discharge and as a result, improperly permitted KeyBank to commence foreclosure proceedings on appellant's property. Appellant's argument is misplaced.

---

[8] Case No. 08-177115.
[9] Case No. 19-1415.

> Upon a mortgagor's default, the mortgagee bank has three separate and independent remedies that it may pursue in an attempt to collect the debt secured by the mortgage: a personal judgment against the mortgagor to obtain the amount owing on the promissory note; an action in ejectment based on the mortgage; and *an action in foreclosure based upon the mortgage. Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 22-24.

(Emphasis added.) *United States Bank Natl. Assn. v. O'Malley*, 2019-Ohio-5340, 150 N.E.3d 532, ¶ 16 (8th Dist.). The record in this case reflects that KeyBank pursued the third remedy.

{¶ 68} We initially note that both the magistrate and the trial court explicitly referenced appellant's 2008 bankruptcy discharge in its judgment entries. Nevertheless, appellant's 2008 bankruptcy discharge did not extinguish KeyBank's interest in the property.

{¶ 69} When a bankruptcy court discharges the debtor's personal liability on a note in a Chapter 7 bankruptcy proceeding, it is well-established that the discharge does not extinguish the mortgage interest in the property. *See Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *Holden* at ¶ 26 (mortgage interest survives the discharge in a Chapter 7 bankruptcy of the underlying debt secured by the mortgage). In *Johnson*, the United States Supreme Court explained,

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment

against the debtor's assets generally. A defaulting debtor can protect himself [or herself] from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes only "the personal liability of the debtor." Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.

(Citations omitted.) *Johnson* at 82-83. *See also Holden* at ¶ 33 (where a bankruptcy court relieved debtor's obligation on a promissory note and the bank sought only to enforce its security interest against the property, the bank had standing to pursue foreclosure in rem).

**{¶ 70}** In the instant matter, as noted above, appellant executed and delivered a mortgage deed conveying the property at issue to KeyBank in order to secure the payment of the promissory note. KeyBank did not attempt to hold appellant personally liable for defaulting on the note and mortgage. Rather, in an attempt to collect the debt secured by the promissory note and mortgage, KeyBank pursued foreclosure in rem.

**{¶ 71}** We find no merit to appellant's argument that the trial court failed to consider or erred in interpreting the 2008 bankruptcy discharge. The trial court properly concluded that KeyBank could foreclosure on its mortgage and that KeyBank could not obtain a personal judgment against appellant on the note due to the bankruptcy discharge issued in the 2008 case.

**{¶ 72}** Based on the foregoing analysis, appellant's first assignment of error is overruled.

{¶ 73} In her second assignment of error, appellant appears to argue that the trial court "failed to fully analyze and interpret" appellant's 2019 bankruptcy discharge. Appellant's argument is misplaced and entirely unsupported by the record.

{¶ 74} Appellant did not file her bankruptcy petition in Case No. 19-1415 until July 23, 2019. The magistrate's decision was issued on April 29, 2019, and the trial court's judgment overruling appellant's objections and adopting the magistrate's decision was filed on June 10, 2019.

{¶ 75} Because appellant's bankruptcy petition was not filed until after the trial court's judgment was entered, the trial court did not err in analyzing or interpreting the bankruptcy discharge order that was subsequently issued. Accordingly, appellant's second assignment of error is overruled.

### C. Dismissal of CV-17-875380

{¶ 76} In her fourth assignment of error, appellant appears to argue that the trial court erred by dismissing CV-17-875380 without prejudice in February 2018.

{¶ 77} As noted above, KeyBank filed a complaint in foreclosure on February 3, 2017, in CV-17-875380. KeyBank moved for leave to file an amended complaint on January 25, 2018. On February 2, 2018, the trial court denied KeyBank's motion for leave on the basis that the "case has been pending for a year and must proceed to judgment or dismissal." The trial court subsequently dismissed the case without prejudice on February 23, 2018. Following the trial court's

dismissal without prejudice, KeyBank refiled its complaint in CV-18-897666 on May 14, 2018.

{¶ 78} To the extent that appellant is challenging the trial court's without-prejudice dismissal, the record reflects that appellant did not oppose the trial court's dismissal in CV-17-875380, or file an appeal challenging the trial court's dismissal of the case without prejudice within 30 days. Accordingly, appellant failed to comply with App.R. 4, and any appeal challenging the trial court's dismissal is untimely.

{¶ 79} Finally, appellant appears to argue that the trial court dismissed the case for failure to prosecute and pursuant to Civ.R. 41(B), and as such, the trial court's dismissal was an adjudication on the merits. Appellant appears to argue that KeyBank's filing of its second complaint in CV-18-897666 is a "wrongful foreclosure action." Appellant's brief at 11. Appellant's argument is entirely unsupported by the record.

{¶ 80} The trial court did not dismiss the first action for failure to prosecute, nor did the trial court indicate that it was dismissing the case pursuant to Civ.R. 41(B)(1). Furthermore, the trial court did not dismiss the case with prejudice, nor enter an adjudication upon the merits. KeyBank was not precluded or barred from filing its complaint in CV-18-897666 after the trial court dismissed CV-17-875380 without prejudice.

{¶ 81} For all of the foregoing reasons, appellant's fourth assignment of error is overruled.

# III. Conclusion

{¶ 82} After thoroughly reviewing the record, we affirm the trial court's judgment. The record reflects that appellant defaulted on the note and mortgage and that KeyBank is entitled to foreclose on the property in order to collect the debt secured by the note and mortgage. Appellant failed to demonstrate the existence of genuine issues of material fact that precluded judgment as a matter of law in KeyBank's favor. Accordingly, the trial court did not err in granting KeyBank's motion for summary judgment.

{¶ 83} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR